# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CT-01404-SCT

*MISSISSIPPI DEPARTMENT OF MARINE RESOURCES*

*v.*

*SYDNEY BROWN AND STEPHANNA BROWN*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/11/2002 |
| TRIAL JUDGE: | HON. GLENN BARLOW |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | SHARON H. HODGE |
| | JOSEPH A. RUNNELS, JR. |
| ATTORNEY FOR APPELLEE: | NATHAN D. CLARK |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 02/24/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Landowners Sydney and Stephanna Brown appealed from the   Commission on Marine Resources decision denying their application to fill approximately 1.64 acres of tidal marsh and to add 200 feet to an existing pier.  The Jackson County Chancery Court reversed and rendered the decision, and the Department of Marine Resources appealed.   The Court of Appeals held that once the chancellor determined that the record was "devoid of any findings of fact" to support the Commission's decision, the sole remedy was to remand the case back to the Commission to enter an order with proper findings of fact and conclusions of law.  The

Court of Appeals reversed and remanded. *Miss. Dep't. of Marine Resources v. Brown*, 2004 WL 1157559 (Miss. Ct. App. 2004).

¶2. This Court finds that the Court of Appeals' majority erred in reversing and remanding the case. This Court finds that the Court of Appeals did not use the correct standard of review when dealing with administrative agencies. Accordingly, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

¶3. This case arises from the Browns' request for a wetlands permit. The Browns own a parcel of property in Jackson County located on Bayou Heron Road. In October 1999, the Browns applied to the Department for permission to fill approximately 1.64 acres of tidal marsh consisting primarily of Juncus grass. Approximately 7,937 cubic yards of fill was necessary to alleviate erosion, to accommodate public parking for fishermen, and to develop an on-site bait camp. In addition, the Browns requested permission to add 200 feet to an existing pier.

¶4. The Department requested additional information. Pursuant to this request, the Browns hired a consultant to conduct an environmental assessment. The Browns also were required to submit a mitigation proposal, cross-sectional drawings of the area to be permitted, and additional permit fees of $450 for processing a commercial application.

¶5. The Department reviewed the Browns' completed application along with comments from members of the public and other interested governmental and non-governmental entities. Department scientists and staff members also conducted a site visit to inspect the property. After reviewing all of the information, the Department prepared a report recommending the denial of the Browns' application. The Commission, which is the reviewing body designated

to decide whether to grant or deny permit applications, conducted a coastal ecology meeting where the Browns' proposal was discussed. John Cirino, the Browns' environmental consultant, argued on their behalf. Becky Gillette argued in opposition of the proposed project on behalf of the Sierra Club.

¶6. The Commission stated that it had never allowed the direct filling of Juncus grass in the past and found the public's interest in additional public boat launch facilities was unjustified since there were already two existing boat launches in the immediate area. Finally, the Commission considered the Browns' proposal as a commercial activity that would jeopardize the preservation of the adjoining wildlife reserves. As a result, the Commission unanimously voted to deny the Browns' application. Three days later, a letter was mailed to the Browns notifying them as to the Commission's decision. The letter stated that "[b]ased upon the findings, the DMR found that this project would severely impact coastal resources and alteration of coastal wetlands at this site would be permanent and would not serve a higher public interest as required by Mississippi Code § 49-27-3." The Browns filed a petition for reconsideration which was denied at the Commission's next meeting.

¶7. Aggrieved, the Browns brought suit in the Chancery Court of Jackson County which acted in an appellate capacity in reviewing the Commission's decision. After reviewing briefs and hearing oral arguments from both sides, the chancery court reversed and rendered the Commission's decision. The chancellor found that the Commission had failed to provide feasibility studies or inspection reports from the premises as required by applicable law and failed to provide any findings of fact or conclusions of law regarding adverse impacts on the property. In addition, the chancellor found that the Commission failed to consider the 416

3

signatures and 51 letters from the general public which illustrated the need and desire to have the type of public use for this area which would result from the Browns' project. The chancellor found that the Browns' due process rights were violated because the Department failed to timely inform them that their application was denied. Finally, the chancellor found that only one-third of an acre of the Browns' property was within the wetlands and subject to the Department's jurisdiction; thus, the Commission confiscated and deprived the Browns of the legal use of their land. The Commission's motion for reconsideration disputing those findings was denied.

¶8. On appeal the Department claimed that the chancellor did not adhere to his standard of review in reversing and rendering the decision of the Commission. The Court of Appeals reversed and remanded. *Id.* The Court of Appeals found that the proper disposition would have been to remand the case to the Commission to enter an order with proper findings of fact and conclusions of law. *Id.*

## DISCUSSION

¶9. Courts acting in an appellate capacity are bound " to give due deference to the factual findings of the administrative agency and to the chancellor who adopted the same findings." *Miss. State Bd. of Nursing v. Wilson*, 624 So. 2d 485, 489 (Miss. 1993) (quoting *State Farm Ins. Co. v. Gay*, 526 So. 2d 534, 535 (Miss. 1988)). This Court has held:

> Our Constitution does not permit the judiciary of this state to retry de novo matters on appeal from administrative agencies. Our courts are not permitted to make administrative decisions and perform the functions of an administrative agency. Administrative agencies must perform the functions required of them by law. When an administrative agency has performed its function, and has made the determination and entered the order required of it, the parties may then appeal to the judicial tribunal designated to hear the appeal. The appeal is a

4

limited one, however, since the courts cannot enter the field of the administrative agency. The court will entertain the appeal to determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. This rule has been thoroughly settled in this State.

*Wilson*, 624 So. 2d at 489.

¶10. Here, the chancery court reweighed the evidence in the case sub judice. The chancellor's order only discusses the evidence in favor of the Browns and disregards the evidence against them. Although there is evidence to support the Browns' request for the permit, there is also evidence to support the Commission's decision to deny the Browns' request for the permit. The Commission's decision on this petition could have gone either way. Since the agency's denial of the petition is supported by substantial evidence, the appellate courts must give deference to that decision. This Court has held that the appellate court may not reweigh the facts, nor may it substitute its judgment for that of the agency. *Miss. Comm'n on Envtl. Quality v. Chickasaw County Bd. of Sup'rs*, 621 So. 2d 1211, 1216 (Miss. 1993). Since the chancery court acts in an appellate capacity in reviewing the Commission's decision, it may not reweigh the facts. Where a circuit or chancery court exceeds its authority and overturns an agency action, this Court will reverse and reinstate the agency's order. *Id.* at 1215. The Court of Appeals erred in failing to correct the chancellor's error.

## CONCLUSION

5

¶11.    For these reasons, we reverse the judgments of both the Court of Appeals and the Jackson County Chancery Court, and we render judgment here reinstating and affirming the order of the Mississippi Commission on Marine Resources.

¶12.    **REVERSED AND RENDERED.**

**WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  GRAVES, J., CONCURS IN RESULT ONLY.  EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**