# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00100-SCT

*JEFFERY A. STALLWORTH*

*v.*

*MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2006 |
| TRIAL JUDGE: | HON. BOBBY BURT DELAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT L. GIBBS |
| ATTORNEYS FOR APPELLEE: | HAROLD EDWARD PIZZETTA, III |
| | R. STEVEN COLEMAN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/22/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

**RANDOLPH, JUSTICE, FOR THE COURT:**

### FACTS AND STATEMENT OF THE CASE

¶1.     In early 2002, Jeffery A. Stallworth ("Stallworth"), a resident of Mississippi, was indicted on five separate sex offenses in Prince George's County, Maryland. The indictment charged Stallworth with one count of second-degree rape, one count of second-degree sex offense, one count of second-degree assault, and two counts of fourth-degree sex offense. The victim was an adult resident of Maryland.

¶2.     On March 4, 2002, Stallworth appeared before the Maryland circuit court and pleaded guilty to one count of fourth-degree sex offense. The other counts on which Stallworth was indicted were *nolle prossed*. The offense to which Stallworth pleaded guilty is codified in Maryland Code Annotated, Criminal Law Section 3-308(b)(1). Under section 3-308(b)(1), a person is guilty of sexual offense in the fourth degree if that person engages in "sexual contact with another without the consent of the other." "Sexual contact" is defined in Maryland Criminal Code Annotated Section 3-301(f) as follows:

> (1) "Sexual contact," as used in §§ 3-307 and 3-308 of this subtitle, means an intentional touching of the victim's or actor's genital, anal, or other intimate area for sexual arousal or gratification, or for the abuse of either party.

> (2) "Sexual contact" includes an act:
> > (i) in which a part of an individual's body, except the penis, mouth, or tongue, penetrates, however slightly, into another individual's genital opening or anus; and

> > (ii) that can reasonably be construed to be for sexual arousal or gratification, or for the abuse of either party.

> (3) "Sexual contact" does not include:

> > (i) a common expression of familial or friendly affection; or

> > (ii) an act for an accepted medical purpose.

¶3.     Under Maryland law, a fourth-degree sex offense is a misdemeanor and does not require registration as a sex offender.

¶4.     On May 3, 2002, Stallworth again appeared before the Maryland circuit court and was sentenced by the trial judge to serve one year in prison, but that sentence of incarceration was suspended and Stallworth was placed on supervised probation for two years. It was further

authorized by the Maryland court that Stallworth's probation could be transferred to Mississippi.

¶5.     After being sentenced by the Maryland court, Stallworth returned to Mississippi, whereupon the Mississippi Department of Public Safety ("MDPS") required him to register as a sex offender pursuant to the Mississippi Sex Offender Registration Laws beginning with Mississippi Code Annotated Section 45-33-21 (Rev. 2004). Stallworth registered with MDPS on November 18, 2002, and as required by Mississippi Code Annotated Section 45-33-31, Stallworth was required to re-register every ninety days. There is no claim that  Stallworth failed to re-register per Mississippi Code Annotated Section 45-33-31.

¶6.     On October 19, 2005, Stallworth filed a Complaint for Declaratory Judgment in the Circuit Court of the First Judicial District of Hinds County. In his complaint, Stallworth averred MDPS had "illegally required him to register." Stallworth stated a fourth-degree sexual offense in Maryland is not a registerable offense in the State of Mississippi and that he should not be required to continue registration as a sex offender in this state.

¶7.     After commencing the action in Hinds County, Stallworth returned to the Maryland trial court and appeared pro se on a Motion for Reconsideration of Sentence. Stallworth stated to the Maryland court that he was there "to try to find a solution for is [sic] how not be on that sex offender list in Mississippi." The motion was granted by the trial court and the docket entry for the proceedings dated November 4, 2005, states:

> The guilty finding and sentence dated 5-3-02 is hereby stricken. Further proceedings are deferred. Entry of judgment is stayed pursuant to Criminal Procedure Article 6-220 and placed on unsupervised probation for a period of one year.

3

¶8.    Subsequent to Stallworth's Motion for Reconsideration of Sentence being granted, on November 17, 2005, MDPS filed its answer and propounded discovery requests to Stallworth. Stallworth did not respond to discovery, but instead filed a Motion for Summary Judgment and Motion for Stay of Discovery in Hinds County Circuit Court. No hearing was held regarding the discovery motion.

¶9.    Stallworth's Motion for Summary Judgment asserted that since his guilty verdict had been stricken in Maryland, there was no conviction upon which Mississippi could base a registration requirement. Stallworth further argued that even if the guilty verdict had not been stricken, the offense to which Stallworth pleaded guilty is not a registerable offense in Mississippi. Stallworth argued that a registerable offense in Mississippi required the element of penetration, to which Stallworth argued he did not plead guilty in Maryland. However, Stallworth's argument is directly contrary to his own sworn testimony, which will be discussed *infra*.

¶10.    In response, MDPS filed its own Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. MDPS submitted that under Mississippi Code Annotated 45-33-23(a), a registerable offense includes a determination of guilt via a guilty plea "regardless of whether adjudication is withheld." MDPS further asserted Maryland's fourth-degree sexual offense is comparable to Mississippi's offenses of sexual battery or attempted sexual battery, which require registration in Mississippi.

¶11.    On May 9, 2006, MDPS filed a Submission of New Evidence in Support of its Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment. This new evidence included sworn testimony from Stallworth taken from a related civil

4

proceeding.[1] On May 10, 2006, Stallworth filed a Motion to Strike Defendant's Submission of New Evidence. On May 12, 2006, a hearing was held on both motions for summary judgment in the Circuit Court for the First Judicial District of Hinds County. The trial judge took both motions under advisement and on November 17, 2006, the trial judge entered a well-reasoned and thorough nine-page Memorandum Opinion and Order. In his order, the trial judge held Stallworth's guilty plea "regardless of adjudication of guilt being withheld, remains intact, and therefore falls within the plain reading of the statutory definition of 'conviction' set forth in Mississippi's Act. (Section 45-33-23)." The trial judge further found the sex offender registration statutes are remedial in nature and should be liberally construed. As such, the trial judge found that in Maryland, Stallworth stood convicted of

> penetrating, without consent, another person's genital, anal or other intimate area with part of his body, other than his penis, mouth, or tongue. While a misdemeanor in Maryland, such behavior would constitute the felony of sexual battery in Mississippi, a registerable offense sex offense under our Megan's Law. This finding and the defendant department's construction of the Act is not repugnant to either its plain meaning or best reading. The Court, therefore, gives great deference to the department's construction.

¶12.    Accordingly, the trial court denied Stallworth's motion for summary judgment and granted MDPS's summary judgment motion, thus requiring Stallworth to continue to register. The trial court did not rule on the Motion to Submit New Evidence filed by MDPS and the Motion to Strike New Evidence filed by Stallworth, but it is clear from the trial court's opinion that this evidence was considered.

¶13.    Stallworth now appeals to this Court and presents the following issues:

---

[1]The related civil proceeding in this matter: *Mississippi United Methodist Conference v. Brown,* 911 So. 2d 478 (Miss. 2005).

I.  Whether the lower court erred in determining that Stallworth had a conviction from Maryland.

II. Whether the lower court erred in granting MDPS's Motion for Summary Judgment which required Stallworth to continue to register as a sex offender.

## STANDARD OF REVIEW

¶14. "We employ the de novo standard in reviewing a trial court's grant of summary judgment. The moving party shall be granted judgment 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" ***Dearman v. Christian***, 967 So. 2d 636, 638-639 (Miss. 2007) (citing M.R.C.P. 56(c)) (internal citations omitted).

## ANALYSIS

**I.  Whether the lower court erred in determining that Stallworth had a conviction from Maryland**.

¶15. In 2002, Stallworth pleaded guilty to fourth-degree sexual offense in Maryland, and on November 4, 2005, Stallworth again appeared in the Maryland circuit court to ask for reconsideration of his sentence. The trial court granted Stallworth's motion for reconsideration, stating, "It's a motion for reconsideration of sentence, and I'm going to grant it, and I'm going to effect the finding of guilt and enter probation before judgment and it will be unsupervised probation. . . ."

¶16. "Conviction" has a specific meaning under the Mississippi Sex Offender Registration Laws. Mississippi Code Annotated Section 45-33-23(a) (Rev. 2004) provides:

6

"Conviction" shall mean that, regarding the person's offense, there has been a determination or judgment of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere regardless of whether adjudication is withheld.

According to the plain meaning of our statute, although the Maryland court modified its original ruling in contradiction to the fact that Stallworth had already completed his sentence, does not afford Stallworth relief. It is the entry of the plea which satisfies "conviction" under the Mississippi Act.

¶17. This Court finds this issue to be without merit, as Stallworth stands "convicted" under Maryland's fourth-degree sexual offense statute.

**II.** **Whether the lower court erred in granting MDPS's Motion for Summary Judgment which required Stallworth to continue to register as a sex offender.**

¶18. In an effort to avoid the non-criminal consequences of his behavior, Stallworth filed a Complaint for Declaratory Judgment, as opposed to a Petition for Relief from Duty to Register. Mississippi Code Annotated Section 45-33-47 establishes various requirements for relief from the duty to register.[2] *See, e.g,* Miss. Code Ann. § 45-33-47(2)(b)(ix)(Supp. 2007) (If the offender has been convicted of one (1) of the following offenses, the offender is subject to lifetime registration and shall not be relieved of the duty to register: (ix) Any conviction for violation of a similar law of another jurisdiction or designation as a sexual predator in another jurisdiction). *See also* Miss. Code Ann. § 45-33-47(3) (Rev. 2007), ([t]he offender will be required to continue registration for any sex-offense conviction unless the conviction is set aside in any post-conviction proceeding, the offender receives a pardon, or

---

[2]The failure of Stallworth to bring this action under the statute was not raised as an issue by the state.

the charge is dismissed. Upon submission of the appropriate documentation to the department of one (1) of these occurrences, registration will continue).

¶19. In support of its motion for summary judgment, the state filed Stallworth's deposition testimony from a civil action based on the same underlying facts. Mississippi Code Annotated Section 45-33-47 establishes the standard of proof and factors to be considered by the trial court on a Petition for Relief from Duty to Register.

> In determining whether to release an offender from the obligation to register, *the court shall consider the nature of the registrable offense committed and the criminal and relevant noncriminal behavior of the petitioner both before and after conviction.* The court may relieve the offender of the duty to register only if the petitioner shows, by clear and convincing evidence, that the registrant properly maintained his registration as required by law and that future registration of the petitioner will not serve the purposes of this chapter and the court is otherwise satisfied that the petitioner is not a current or potential threat to public safety. The district attorney in the circuit in which the petition is filed must be given notice of the petition at least three (3) weeks before the hearing on the matter. The district attorney may present evidence in opposition to the requested relief or may otherwise demonstrate the reasons why the petition should be denied. If the court denies the petition, the petitioner may not again petition the court for relief until one (1) year has elapsed unless the court orders otherwise in its order of denial of relief.

Miss. Code Ann. § 45-33-47(3) (Supp. 2007) (emphasis added).

¶20. Following the statutory mandate, the lower court was presented with the facts surrounding Stallworth's crime. It is clear from the trial court's opinion that the trial judge considered Stallworth's sworn testimony from the related civil proceeding. That testimony provides compelling evidence which cannot be ignored.

¶21. Pertinent portions of Stallworth's deposition taken on February 5 and 6, 2003, reveal the following:

**ATTORNEY:**     Had [the victim] asked you to come into the bed?

8

**STALLWORTH:** She had not. . . . I put my hands in her pajamas and I started to - I guess massaging her clitoris. . . .

**STALLWORTH:** I kept. . . my finger on her clitoris for I would suspect about more than ten minutes. . . .

**ATTORNEY:** Are you having vaginal intercourse or anal intercourse?

**STALLWORTH:** Vaginal. . .

**ATTORNEY:** You're saying that you would have vaginal intercourse and then oral, and go back and forth?

**STALLWORTH:** Right. . . .

**STALLWORTH:** And I just turned over and laid on the bed and she pulled the cover and said, "What was that? What were you doing?" And she said, "That was not consensual. . . ."

¶22. Mississippi Code Annotated Section 97-3-95(1)(a) (Rev. 2006) states, "A person is guilty of sexual battery if he or she engages in sexual penetration with (a) another person without his or her consent."

¶23. Even if one were to ignore Stallworth's sworn testimony in the civil proceeding, Stallworth's actions, which he admitted in the Maryland plea colloquy, clearly satisfy the definition of *attempted* sexual battery, a registerable offense in this state pursuant to Mississippi Code Annotated Section 45-33-25(1).

¶24. Mississippi Code Annotated Section 97-1-7 (emphasis added) states,

Every person who shall design and endeavor to commit an offense, and shall do *any overt act toward the commission* thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: If the offense attempted to be committed be capital, such offense shall be punished by imprisonment in the penitentiary not exceeding ten years; if the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such

9

offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted.

¶25. This Court has held, "In general, Section 97-1-7 (1972) requires a showing of three elements: (1) an attempt to commit a particular crime, (2) a direct ineffectual act done toward its commission and (3) the failure to consummate its commission." *McGowan v. State*, 541 So. 2d 1027, 1030 (Miss. 1989) (citations omitted).

¶26. Stallworth admitted in his plea that he placed his hands on the victim's vagina without her consent. We are constrained to understand how a person placing his hands on the genitals of another person without her consent would not be an attempt to commit the crime of sexual battery and a direct ineffectual act toward its commission. Therefore, even in the absence of Stallworth's deposition testimony, Stallworth's conduct and plea satisfy the elements of attempted sexual battery in Mississippi, a registerable offense in this State.

¶27. We find no error in the trial court's grant of summary judgment in favor of MDPS, which requires Stallworth to continue to register.

**CONCLUSION**

¶28. Requiring Jeffery Stallworth to register fulfills the spirit and intent of the Legislature in creating the Mississippi Sex Offender Registration Laws. To do otherwise would be an affront to and an intrusion upon the rights of the general public, whom the law seeks to protect. The pertinent portion of Mississippi Code Annotated Section 45-33-21 states,

> Persons found to have committed a sex offense have a reduced expectation of privacy because of the public's interest in safety and in the effective operation of government. In balancing offenders' due process and other rights, and the interests of public security, the Legislature finds that releasing such information about criminal sex offenders to the general public will further the

10

primary governmental interest of protecting vulnerable populations and, in some instances the public, from potential harm.

¶29. It is not the duty or within the power of this Court to divine the State of Maryland's intent in allowing Stallworth to plead guilty to a non-registerable offense in Maryland after being charged with multiple sexual offenses. It is our calling to interpret the laws of this state passed by our Legislature to protect the citizens of this state. The Mississippi Sex Offender Registration Laws are designed to warn the public of persons who commit sex offenses.

¶30. The facts surrounding Stallworth's conduct and crime prove that he has committed a registerable offense. Stallworth has not satisfied the requirements, nor has he met the burden of proof which would relieve him of his continuing duty to register. For the reasons stated herein, we affirm the ruling of the trial court and Stallworth shall not be relieved of his duty to register.

¶31. **AFFIRMED.**

**SMITH, C.J., EASLEY, DICKINSON AND LAMAR, JJ., CONCUR. CARLSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER AND DIAZ, P.JJ. GRAVES, J., NOT PARTICIPATING.**

**CARLSON, JUSTICE, DISSENTING:**

¶32. While I agree with my learned colleagues in the majority that Stallworth stands "convicted" in Maryland of fourth-degree sexual offense, I respectfully disagree that Maryland's fourth-degree sexual offense is a registrable offense in Mississippi. In my opinion, the majority fails to recognize the critical issue presented to this Court. While the majority briefly discusses why it believes Stallworth's Maryland conviction is a registrable offense in Mississippi, most of the majority opinion focuses on Stallworth's statutory duty

11

to continue to register as a sex offender and why he should not be permitted under the statute to be released from this duty to continue to register. Stallworth is not asserting that he committed a registrable offense and that he should now be relieved from re-registration as a sex offender. Instead, Stallworth is asserting that fourth-degree sexual offense in Maryland is not a registrable offense in Mississippi and that he thus should have never been required to register in the first place. Therefore, I will address the issue as I see it presented to this Court.

¶33. The misdemeanor offense to which Stallworth pleaded guilty is defined in Maryland Criminal Code Annotated Section 3-308. Under section 3-308(b)(1), a person is guilty of sexual offense in the fourth degree if that person engages in "sexual contact with another without the consent of the other." "Sexual contact" is defined in Maryland Criminal Code Annotated Section 3-301(f):

> (1) "Sexual contact", as used in §§ 3-307 and 3-308 of this subtitle, means an intentional touching of the victim's or actor's genital, anal, or other intimate area for sexual arousal or gratification, or for the abuse of either party.

> (2) "Sexual contact" includes an act:
> (i) in which a part of an individual's body, except the penis, mouth, or tongue, penetrates, however slightly, into another individual's genital opening or anus; and

> (ii) that can reasonably be construed to be for sexual arousal or gratification, or for the abuse of either party.

> (3) "Sexual contact" does not include:

> (i) a common expression of familial or friendly affection; or

> (ii) an act for an accepted medical purpose.

12

¶34. Upon Stallworth's return to the State of Mississippi, MDPS required Stallworth to register as a sex offender pursuant to Mississippi Code Annotated Section 45-33-25(1) (Rev. 2004), which states in pertinent part:

> Any person residing in this state who has been convicted of any sex offense . . . shall register with the Mississippi Department of Public Safety. *Registration shall not be required for an offense that is not a registrable sex offense.*

(Emphasis added). According to Mississippi Code Annotated Section 45-33-23(g) (Rev. 2004), the following are registrable sex offenses for which MDPS is requiring Stallworth to register:

> (iv) Section 97-3-95 relating to sexual battery . . .
> (xi) Section 97-1-7 relating to attempt to commit any of the above-referenced offenses;
>
> (xiii) Any other offense resulting in a conviction in another jurisdiction, whether state, federal or military, which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere. . . .

¶35. Stallworth argues that fourth-degree sex offense in Maryland is not a registrable sex offense in Mississippi pursuant to Mississippi Code Annotated Section 45-33-25(1). Following this assertion to a logical conclusion, Stallworth opines that since section 45-33-25(1) does not require him to register has a sex offender, MDPS's actions in requiring him to register are illegal.

¶36. On the other hand, MDPS contends that Stallworth's conviction of fourth-degree sex offense in Maryland does fall within Mississippi Code Annotated Section 45-33-25(1). In particular, MDPS claims that Stallworth's conviction in Maryland equates to sexual battery

in Mississippi. Mississippi Code Annotated Section 97-3-95 (Rev. 2006) defines sexual battery as follows:

> (1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
>    (a) another person without his or her consent.

Mississippi Code Annotated Section 97-3-97(a) (Rev. 2006) states:

> Sexual penetration includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body.

¶37. Stallworth argues that the difference in the elements of Maryland's sex offense in the fourth-degree statute and Mississippi's sexual-battery statute preclude the MDPS from being able to require him to register as a sex offender, since our sexual-battery statute, Mississippi Code Annotated Section 97-3-95, requires sexual penetration as opposed to mere sexual contact, which is all that is required under Maryland's fourth-degree sex offense statute.

¶38. The majority finds that Stallworth was found guilty of penetrating his victim in Maryland based upon the Mississippi circuit court's Memorandum Opinion and Order which found that in Maryland, Stallworth *stood convicted of*

> penetrating, without consent, another person's genital, anal or other intimate area with part of his body, other than his penis, mouth or tongue.

The Maryland court did NOT find Stallworth guilty of penetrating his victim. In fact, it found only that Stallworth placed his hands on the victim's vaginal area.

¶39. Furthermore, the majority finds that Stallworth penetrated his victim based on sworn deposition testimony from Stallworth in a subsequent civil proceeding. In my opinion, this analysis is flawed for two reasons. First, Mississippi Code Annotated Section 45-33-47, the

14

statute used by the majority, establishes the standard of proof and factors to be considered by the trial court on a Petition for Relief from Duty to Register. Clearly, a person should not be required to petition for relief from the duty to register if that person has never committed a registrable offense, which is precisely Stallworth's claim. While the trial court, when addressing a petition for relief from duty to register, "shall consider the nature of the registrable offense committed and the criminal and relevant noncriminal behavior of the petitioner both before and after the conviction," such matters as a matter of law should not be considered when determining if the petitioner has committed a registrable offense which thus requires registration under the statute. With this having been said, I submit that Stallworth's civil deposition testimony should have been stricken by the trial court and that neither the trial court, nor this Court on appeal, should consider this testimony in reaching the issue before us today.

¶40. Second, the majority states "[t]he trial court did not rule on the Motion to Submit New Evidence filed by MDPS and the Motion to Strike New Evidence filed by Stallworth, but it is clear from the trial court's opinion that this evidence was considered." Again, the majority assumes that it is clear the trial court considered the deposition testimony based upon the circuit court's Memorandum Opinion and Order which found that in Maryland, Stallworth stood convicted of:

> penetrating, without consent, another person's genital, anal or other intimate area with part of his body, other than his penis, mouth or tongue.

As I pointed out earlier, that is not what the Maryland court found. In fact, the Maryland court had no evidence before it that suggested Stallworth penetrated his victim.

15

¶41.   I recognize the "essential elements" test is not a hard-and-fast rule.  In fact, I look not only to the exact elements of the statutes for both Maryland's fourth-degree sex offense statute and Mississippi's sexual-battery statute, but I find it permissible to review the factual basis for Stallworth's guilty plea.  At the guilty plea hearing in Maryland, Judge Shepherd asked for the factual basis for Stallworth's plea of guilty.  The transcript of those proceedings reflects the following:

> THE COURT:      Before I can accept your plea of guilty to the third count, fourth degree sexual offense, I need to hear the factual basis of it.  I will ask the State to recite the evidence.
>
> MS. MASON:      Thank you, Your Honor.  Had the State gone to trial, the State would have proven beyond a reasonable doubt that on or about August 15th, 2001, that the defendant, Jeffery A. Stallworth, seated before Your Honor today, had sexual contact with the victim,[3] . . . . who is present in the courtroom; that the sexual contact was made without the consent and against the will of [the victim]; and those events occurred in Prince George's County, Maryland.
>
> THE COURT:      Specifically what sexual contact?
>
> MS. MASON:      He did place his hands on her vaginal area.

¶42.   Taken together, I cannot conclude that Stallworth would have been found guilty of sexual battery if charged in Mississippi.  This state's sexual-battery statute requires penetration, however slight, as an essential element; however, Stallworth was not found guilty in Maryland of sexually penetrating the victim.  In order to be found guilty of fourth-degree sexual offense in Maryland, sexual contact must occur without consent.  While sexual

---

[3]The adult victim in today's case is the same victim identified in *Mississippi United Methodist Conference v. Brown*, 911 So. 2d 478, 480 (Miss. 2005).

16

contact may include "an act: (i) in which a part of an individual's body, except the penis, mouth, or tongue, penetrates, however slightly, into another individual's genital opening or anus," sexual contact does not necessarily have to include penetration; whereas, Mississippi's sexual-battery statute, without exception, requires some form of penetration of the victim. As such, Mississippi's sexual-battery statute is more synonymous with the definition of a "sexual act" in Maryland as opposed to "sexual contact." A "sexual act" is defined in Maryland Criminal Code Annotated Section 3-301(e) as:

> (1) "Sexual act" means any of the following acts, regardless of whether semen is emitted:
>
>> (i) analingus;
>>
>> (ii) cunnilingus;
>>
>> (iii) fellatio;
>>
>> (iv) anal intercourse, including penetration, however slightly, of the anus; or
>>
>> (v) an act:
>>
>>> 1. in which an object penetrates, however slightly, into another individual's genital opening or anus; and
>>>
>>> 2. that can reasonably be construed to be for sexual arousal or gratification, or for the abuse of either party.
>
> (2) "Sexual act" does not include:
>
>> (i) vaginal intercourse; or
>>
>> (ii) an act in which an object penetrates an individual's genital opening or anus for an accepted medical purpose.

¶43. "Sexual penetration" is defined in Mississippi Code Annotated Section 97-3-97(a) (Rev. 2006) as including "cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." Therefore, only if Stallworth was convicted of a sexual offense in Maryland which required a "sexual act" on his part would he be required to register as a sex offender in Mississippi for committing an "offense resulting in a conviction in another jurisdiction . . . [which] if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere;" i.e., sexual battery. Miss. Code Ann. § 45-33-23 (xiii) (Rev. 2004).

¶44. Thus, looking at the specific facts revealed at Stallworth's plea hearing, I find of significant import the comments of the Maryland prosecutor when she stated that "[h]ad the State gone to trial, the State would have proven beyond a reasonable doubt that . . . [Stallworth] . . . had sexual contact with the victim . . . that the sexual contact was made without the consent and against the will of [the victim]" and that the specific sexual contact was that "[Stallworth] did place his hands on her vaginal area." The Maryland prosecutor never stated Stallworth penetrated the victim. Again, the applicable Maryland statute states in pertinent part that "sexual contact . . . means *an intentional touching of the victim's or actor's genital, anal, or other intimate area for sexual arousal or gratification*, or for the abuse of either party. Md. Crim. Code Ann. § 3-301(f)(1) (emphasis added). While section 3-301(f)(2) states that "'[s]exual contact" does include acts . . . (i) in which a part of an individual's body, except the penis, mouth, or tongue, penetrates, however slightly, into another individual's genital opening or anus; and (ii) that can reasonably be construed to be

18

for sexual arousal or gratification, or for the abuse of either party,'" section 3-301(f)(2)(I)-(ii) is not all-inclusive as to specifying what acts may constitute sexual contact. This fact is obvious when one reads section 3-301(f)(3), which states "'[s]exual contact" does not include (i) a common expression of familial or friendly affection; or (ii) an act for an accepted medical purpose. Obviously, if all sexual contact under the Maryland statutes required some type of penetration of the victim, there would have been no need for the Maryland legislature to expressly except from the definition of sexual contact "a common expression of familial or friendly affection."

¶45. Furthermore, the majority argues that even without evidence of penetration, Stallworth would still be required to register as a sex offender in Mississippi based on his purported *attempt* to commit sexual battery. However, on this point I note that:

> [t]he attempt statute requires that, before one may be convicted of attempt, he "shall fail therein, or shall be prevented from committing the same." The gravamen of this offense of attempt is that the accused have done an overt act toward sexual penetration "and be prevented from its commission." **State v. Lindsey**, 202 Miss. 896, 899, 32 So. 2d 876, 877 (1947).

**West v. State**, 437 So. 2d 1212, 1214 (Miss. 1983). In addition, "[u]nder our attempt statute prevention or frustration must have resulted from extraneous causes." **Id**. (citing **Bucklew v. State**, 206 So. 2d 200, 202 (Miss. 1968); c.f. **Murray v. State**, 403 So. 2d 149, 152 (Miss. 1981)). Thus, I disagree with the majority's argument that "[e]ven if one were to ignore Stallworth's sworn testimony in the civil proceeding, Stallworth's actions, which he admitted in the Maryland plea colloquy, clearly satisfy the definition of *attempted* sexual battery, a registrable offense in this state pursuant to Mississippi Code Annotated Section 45-33-25(1) (Rev. 2004)." Stallworth's conduct and the facts presented at the plea hearing

19

clearly do not satisfy the elements of attempted sexual battery. The prosecution failed to provide specific evidence that Stallworth attempted to penetrate the victim, and failed only because of extraneous causes.

¶46. I find error in the trial court's grant of summary judgment in favor of MDPS inasmuch as MDPS' requirement that Stallworth register is not supported by substantial evidence. *Dep't of Marine Res. v. Brown*, 903 So. 2d 675, 677 (Miss. 2005). There is no evidence whatsoever which legally can be considered by this Court to support the determination that Stallworth penetrated the victim while committing the act of fourth-degree sex offense for which he was convicted in the state of Maryland. As explained *supra*, Stallworth's sworn deposition testimony in a civil case regarding his conduct with the victim in this case was not considered by the Maryland court; therefore, this deposition testimony likewise should not be considered by this Court in today's appeal.

¶47. I find that this issue raised by Stallworth has merit in that Stallworth's conviction under Maryland's fourth-degree sex offense statute, Maryland Criminal Code Annotated Section 3-308, defined as "sexual contact with another without the consent of the other," when read in conjunction with Maryland Criminal Code Annotated Section 3-301(f)(1)(2)(3), is not a registrable sex offense under Mississippi's Sex Offenders Registration Law.

¶48. While I recognize that the Mississippi Sex Offenders Registration Law is a remedial statute with an intended deterrent effect, thus requiring this Court liberally to construe the statutory provisions in favor of the Mississippi Department of Public Safety, I am constrained as a matter of law to find that the difference in the elements of the Maryland offense for which Stallworth was convicted and Mississippi's sexual-battery statute, coupled with the

20

record in this case, brings me to the inescapable conclusion that the act of which Stallworth was convicted under Maryland's fourth-degree sex offense statute is not a registrable sex offense under the Mississippi Sex Offenders Registration Law. (See Mississippi Code Annotated Sections 45-33-21, et seq. (Rev. 2004)).

¶49. I have no sympathy for Jeffery A. Stallworth, who "may well be deserving of society's condemnation." *See May v. State*, 460 So. 2d 778, 785 (Miss. 1984). While I in no way condone Stallworth's conduct toward the victim, the issue before us is not whether what Stallworth did was offensive, or immoral, or even criminal, but instead, the issue before us is one of application of a clear legislative enactment. We are constitutionally mandated to apply the language of the statute as written, and not legislate from the bench. "[I]f we interpret a statute contrary to the intent or will of the Legislature, that body has the absolute authority to change the statute to suit its will." *Bd. of Supervisors v. Hattiesburg Coca-Cola Bottling Co.*, 448 So. 2d 917, 924 (Miss. 1984) (Hawkins, J., concurring in part and dissenting in part). For the reasons stated, I would reverse the summary judgment entered in favor of the Mississippi Department of Public Safety by the Circuit Court for the First Judicial District of Hinds County, and render judgment here in favor of Jeffery A. Stallworth.

¶50. Because the majority holds otherwise, and for the reasons stated, I respectfully dissent.

**WALLER AND DIAZ, P.JJ., JOIN THIS OPINION.**

21