KITCHENS, Justice,
dissenting:
¶ 14. The plurality’s argument is premised on the assumption that, because Wit-ten might be required to register as a sex offender under California law, he must register in Mississippi. Because I disagree with my learned colleagues that the laws of this state require Witten to register as a sex offender here, I respectfully dissent.
¶ 15. Mississippi Code Section 45-38-47(4) (Rev. 2011) provides that:
The offender will be required to continue registration for any sex offense conviction unless the conviction is set aside in any post-conviction proceeding, the offender receives a pardon, the charge is dismissed or the offender has received a court order pursuant to this section relieving him of the duty to register. Upon submission of the appropriate documentation to the department of one (1) of these occurrences, registration duties will be discontinued.
(Emphasis added.) The order of the Superior Court of California, County of Sacramento, provided that: “[g]ood cause appearing and the Court being fully advised, it is now ordered that a plea of not guilty be entered herein/the verdict of guilty be set aside and that the accusatory pleading in this cause be, and same is hereby dismissed pursuant to Section 1203.4 of the Penal Code.” (Emphasis added.) California Penal Code Section 1203.4(a)(1) (2014) provides that, in cases in which a defendant has fulfilled probationary requirements for the entire probationary period, “the court shall set aside the verdict of guilty; and ... shall thereupon dismiss the accusations or information against the defendant,” who “shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted.... ” (Emphasis added.)
¶ 16. The plurality finds that “Witten’s dismissal pursuant to 1203.4 of California’s penal code does not fulfill the intent of the language specified in Mississippi Code Section 45-33-47(4).” California Penal Code Section 1203.4 does limit the defendant’s release from certain specifically enumerated penalties and disabilities resulting from the offense: “in any subsequent prosecution of the defendant for any other offense, the prior conviction may be may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.” Cal.Penal Code § 1203.4 (The order does not relieve the defendant “of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the *631 California State Lottery Commission.”) But, as the plurality recognizes, this Court interprets and applies Mississippi law, not the laws of other jurisdictions. Holland v. State, 587 So.2d 848, 874 (Miss.1991) (“Where as here the conviction occurred in a sister state, this Court does not look to how that state characterizes the question of whether the crime was one of violence, rather, the analysis must be done under Mississippi law.”)
¶ 17. It is true, as the plurality relates, that Mississippi defines “registrable offense” as “[a]ny offense resulting in a conviction in another jurisdiction which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere....” Miss. Code Ann. § 45-33-23(g)(xix) (Supp.2013).[5] The plurality finds that Witten’s conviction constitutes a registrable offense in Mississippi because “Witten has failed to provide ány evidence to support that he is no longer required to register in California.” But the plurality looks no further than the statutory definition and, in so doing, ignores Mississippi Code Section 45-33-47(4), which mandates relief from the requirement to register as a sex offender for defendants whose convictions fall under at least one of a specific list of enumerated circumstances.
¶ 18. It is not the role of this Court to divine the intent of the legislature where the statute is clear. “The Court must not broaden or restrict a legislative act.” Lawson v. Honeywell Int’l, Inc., 75 So.3d 1024, 1027 (Miss.2011) (citing Barbour v. State ex rel. Hood, 974 So.2d 232, 240 (Miss.2008) (quoting Miss. Dep’t of Transp. v. Allred, 928 So.2d 152, 156 (Miss.2006))). Ultimately, “[t]he Court’s goal is to give effect to the intent of the Legislature.” Lawson, 75 So.3d at 1027 (citing City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992)). But, determination of legislative intent is predicated on an examination of the statute. Lawson, 75 So.3d at 1027 (citing Pinkton v. State, 481 So.2d 306, 309 (Miss.1985)). “If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute.... ” Lawson, 75 So.3d at 1027 (citing Clark v. State ex rel. Miss. State Med. Ass’n, 381 So.2d 1046, 1048 (Miss.1980)) (emphasis added).
¶ 19. The plurality highlights the legislative declaration of purpose: “In balancing offenders’ due process and other rights, and the interests of public security, the Legislature finds that releasing such information about criminal sex offenders to the general public will further the primary governmental interest of protecting vulnerable populations and, in some instances the public, from potential harm.” Miss. Code Ann. § 45-33-21 (Rev. 2011). But Section 45-33^47(4) clearly and unambiguously requires the circuit court to relieve four categories of offenders from the registration requirement: (1) offenders whose convictions have been set aside in a post-conviction proceeding, (2) offenders who receive a pardon, (3) offenders whose charge is dismissed, or (4) offenders who have “received a court order pursuant to this section relieving him of the duty to register.” The order from the California court expressly set aside and dismissed the 1996 verdict of guilty entered against Witten.
¶ 20. Whether Witten must register as a sex offender in California is of no moment to this Court’s analysis of controlling Mississippi law. In Mississippi, Section *632 45-33-47(4) clearly and unambiguously excepts Witten from the sex-offense registry requirement and instructs the circuit court to relieve him of the duty to register. In a similar case, a learned justice of this Court once wrote:
I have no sympathy for Jeffery A. Stall-worth, who “may well be deserving of society’s condemnation.” See May v. State, 460 So.2d 778, 785 (Miss.1984). While I in no way condone Stallworth’s conduct toward the victim, the issue before us is not whether what Stallworth did was offensive, or immoral, or even criminal, but instead, the issue before us is one of application of a clear legislative enactment. We are constitutionally mandated to apply the language of the statute as written, and not legislate from the bench. “[I]f we interpret a statute contrary to the intent or will of the Legislature, that body has the absolute authority to change the statute to suit its will.” Bd. of Supervisors v. Hattiesburg Coca-Cola Bottling Co., 448 So.2d 917, 924 (Miss.1984) (Hawkins, J., concurring in part and dissenting in part).
Stallworth v. Miss. Dep’t of Public Safety, 986 So.2d 259, 270 (Miss.2008) (Carlson, J., dissenting). This case is not about sympathy for sex offenders or the lack thereof. It is about this Court’s fidelity to the laws of our State. As Justice Carlson wisely opined, the issue before us today does not concern whether Witten’s actions were “offensive, or immoral, or even criminal,” but rather “the issue before us is one of application of a clear legislative enactment.” Id. In the situation before us, Mississippi’s applicable law is at variance with California law. In such circumstances, we are bound to apply the controlling Mississippi law. See Holland, 587 So.2d at 874.
¶ 21. The statutes of this State provide explicit relief from the registration requirements for persons whose sex-offense convictions have been set aside or dismissed. I find that Mississippi law controls and cannot be circumvented by this Court. The legislature may, as is its constitutional power, revise the statute to reflect its intent, should the statute’s plain meaning not harmonize with legislative intent. But, as the Section 45-33^47(4) plainly provides, Witten is not required to register in this State, because the California court set aside and dismissed his convictions.
¶ 22. I would reverse the judgment of the Circuit Court of Adams County and remand for re-entry of the circuit court’s previous order relieving Witten of his duty to register as a sex offender in this State. I respectfully dissent.
DICKINSON, P.J., CHANDLER AND KING, JJ., JOIN THIS OPINION.

. Effective from and after January 1, 2014, this provision has been renumbered Miss. Code Ann. § 45-33-23(h)(xx) (Supp.2013).