RANDOLPH, Presiding Justice,
dissenting:
¶ 15. But for the added circumstance of a Maryland expungement, post Stallworth I, this appeal would be barred by res judicata. It is settled law and the law of this case that Petitioner was required to register because of his guilty plea. See Stallworth v. Miss. Dep’t of Public Safety, 986 So.2d 259, 264-65 (Miss.2008) (Stall-worth I) (“Requiring Jeffery Stallworth to register fulfills the spirit and intent of the Legislature in creating the Mississippi Sex Offender Registration Laws. To do otherwise would be an affront to and an intrusion upon the rights of the general public, whom the law seeks to protect.”). In Stallworth 1, this Court considered and rejected Petitioner’s argument that he was relieved of a duty to register after his guilty finding and sentence were struck by a Maryland Court. As noted in that opinion, this Court, relying on Maryland Code, Criminal Procedure Article 6-220, and the transcript from the November 4, 2005, hearing, determined his guilty plea remained intact. Stallworth I, 986 So.2d at 261.
¶ 16. In his prior appeal, Petitioner argued that “Mississippi wants to take this guilty plea and require Stallworth to register as a sex offender.” We found that Mississippi law requires registration for a conviction which is defined as “a determination or judgment of guilt as a result of a *1165 trial or the entry of a plea of guilty or nolo contendere regardless of whether adjudication is withheld.” Miss.Code Ann. § 45-33-23(a) (Supp.2014). The majority makes multiple references to Section 45-33-23(h)(xx) (Supp.2014), which addresses only other sexual offenses not otherwise defined in the statute. Reliance on Section 45-33-23(h)(xx) is misplaced. We held that it was “the entry of the plea which satisfies conviction under the Mississippi Act.” Stallworth I, 986 So.2d at 262. Repeated references to before and after his Maryland conviction are of no event. Whether the Maryland conviction was set aside was not an issue then, nor is it now. Although his records in Maryland may have been destroyed, the fact that he admitted guilt for a sex offense is known to the State of Mississippi, for it can be found abundantly in the trial and appellate court records and probation records of this State.
¶ 17. The one fact that has remained constant in all of these proceedings, whether in Mississippi or Maryland, is that Petitioner entered a plea of guilty to committing a sex offense. The only new issue Petitioner brings to this Court is whether a Maryland expunction order relieves Petitioner of a duty to register as a sex offender. No Mississippi records of Stallworth’s status as a sex offender have been expunged. Following a plain reading of our statutes and this Court’s decision in Stallworth v. Miss. Dep’t of Pub. Safety, 986 So.2d 259 (Miss.2008) (Stallworth I), the circuit court did not err in denying Stall-worth’s petition. Save for records of juvenile offenders, our laws do not allow the records of sex offenders to be expunged. Thus, Petitioner is not entitled to relief from the legislatively mandated duty.

Background, and Procedural History

¶ 18. As admitted by Petitioner in his Stallworth I brief, he was “indicted on five counts of sexual misconduct by the State of Maryland. The charges ranged from second degree rape to fourth degree sexual offense, the lowest charge of sexual offense in Maryland. In negotiating a guilty plea, the State of Maryland agreed to drop four felony sexual misconduct charges and allowed Stallworth to plead guilty to fourth degree sexual offense.... ” (Petitioner’s Brief at 3, Stallworth I). Petitioner was sentenced to serve one year in the Maryland Department of Corrections, which was suspended, and he was sentenced to two years of supervised probation. His probation was served and completed in Mississippi. Stallworth I, 986 So.2d at 260. The State of Mississippi required him to register with the Mississippi Department of Public Safety pursuant to the Mississippi Sex Offender Registration Laws. Id. See Miss.Code Ann. §§ 45-33-21 to 45-33-59 (Supp.2014).
¶ 19. Only after completion of his probation did Petitioner first attempt to avoid registration by filing a Complaint for Declaratory Judgment, arguing that the sexual offense in Maryland was not a registera-ble offense in Mississippi. Stallworth I, 986 So.2d at 260.
¶20. Even though his sentence had been completed, and while the declaratory judgment was pending in Mississippi, Petitioner filed a Motion for Reconsideration of Sentence in Maryland. At the hearing on the motion referred to in Paragraph 2, the Petitioner testified that “the issue I’m trying to find a solution for is how not to be on that sex offender list in Mississippi.” No claims of trial court error, actual innocence, illegal sentence, newly discovered evidence, or a constitutional violation (state or federal) were advanced. The Petitioner offered no pleadings or argument that his guilty plea was entered in error or that the Maryland court had erred in its sentencing. The Maryland court stated, “... I’m *1166 going to effect the finding of guilt and enter probation before judgment and it will be unsupervised probation. This is supervised probation. This is probation before the judgment.”[8] The Maryland docket entry further states that “[t]he guilty finding and sentence dated 5-3-02 is hereby stricken. Further proceedings are deferred. Entry of Judgment is stayed pursuant to Criminal Procedure Article 6-220 and placed on unsupervised unpapered probation for a period of 1 year.” Stallworth I, 986 So.2d at 261. The Maryland court sentenced Petitioner a second time, imposing an additional year of unsupervised probation, which it could not do if the guilty plea had been withdrawn. See Md.Code Crim. P., Art. 6-220.[9]
¶21. After the guilty finding, but not the guilty plea, was struck by the Maryland Court, Petitioner argued that there was no longer a conviction upon which Mississippi could base a registration requirement. Id. Petitioner and the State filed cross summary judgment motions. Petitioner’s was denied by the circuit court. Id. at 262.
¶22. On appeal before this Court in Stallworth I, Petitioner specifically argued that the circuit court erred in determining that he had a “conviction from Maryland.” (Petitioner’s Brief at 10, Stallworth I). In Stallworth I, the Court determined that the “conviction,” for purposes of the Mississippi Sex Offender Registry, was based on Petitioner’s guilty plea, a fact which remains unchanged to this day. Stallworth I, 986 So.2d at 262. The majority repeatedly states that petitioner no longer stands convicted. However, Petitioner’s conviction was not erased by the Maryland expunction, for it was set aside five years earlier. See Stallworth I. The lack-of-conviction argument was advanced and was ruled upon in Stallworth I. The holding in Stallworth I, verbatim, was, “It is the entry of the plea which satisfies ‘conviction’ under the Mississippi Act.” Stallworth I, 986 So.2d at 262.[10] Thus, “no longer stands convicted” is not the issue before us. Expunction is the issue.
¶ 23. This Court found that Petitioner committed a registerable offense and should not be relieved of his duty to register. Id. at 265. This Court determined that Petitioner had been convicted of what would be labeled a Tier Three sexual offense which “requires lifetime registration, the registrant not being eligible to be relieved of the duty to register except as otherwise provided in this section_” Miss.Code Ann. § 45-33-47(2)(d) (Rev. 2011) (emphasis added). The fact that the Maryland court had struck its guilty finding and sentence did not affect Petitioner’s duty to register because of his guilty plea.
¶ 24. Following Stallworth I ⅛ opinion, Petitioner continued to try and “find a solution for ... how to not be on that sex offender list in Mississippi.” Supra ¶ 15. Petitioner returned to Maryland again and *1167 filed a new petition in the Maryland Court, this time to expunge his Maryland records. An expungement order from a Maryland Court is not in the record before us. Petitioner did offer a copy of a Certificate of Expungement from a Maryland clerk’s office, which “indicate[d] that the above referenced case ha[d] been expunged from the office of the sheriffs files.” (Maj.Op-¶ 3). According to that document, Maryland expunged Petitioner’s conviction on February 4,2010.[11]
¶25. Based on the claim of expungement, Petitioner filed the petition we consider today, a Petition for Relief from Duty to Register, which was denied by the circuit court.[12]

Analysis

¶26. The Legislature has devoted an entire chapter to the registration of sex offenders. Chapter 88, the Registration of Sex Offenders, found in Title 45, Public Safety and Good Order, begins with Section 21, which sets forth in pertinent part the legislative findings and declaration of its purpose: “Persons found to have committed a sex offense have a reduced expectation of privacy because of the public’s interest in safety and in the effective operation of government.” Miss.Code Ann. § 45-33-21 (Rev.2011).
¶ 27. Petitioner was and is obligated to follow the legislative directives to register and may only be relieved of the duty to register or reregister as provided for in the same statutes. Petitioner conceded in his brief that Section 45-33-47 failed to provide relief for expunction. The majority fails to address this section at all. Petitioner argued that “Mississippi’s sex offender registration statute likely does not refer to an expungement” because of a distinction between misdemeanor and felony sex offenses. See Petitioner’s Brief at 7, Stallworth II. Also, Petitioner did not raise or argue the position opined by the majority today, i.e., Section 45-33-55 does not apply, for it is only a “document-management, record-keeping statute,” language not found in that section or elsewhere in the chapter.
¶ 28. Contrastingly, it is quite clear that the Legislature was not silent regarding expungement of criminal offender records related to sex offenses, for it grants an exception for juveniles, without distinction of felonies or misdemeanors. See Miss. Code Ann. § 45-33-55 (Rev.2011). Section 45-33-55, entitled Exemption for Ex-punction, reads:
Except for juvenile criminal history information that has been sealed by order of the court, this chapter exempts sex offenses from laws of this state[13] or court orders authorizing the destroying, expunging, purging or sealing of criminal history records to the extent such information is authorized for dissemination under this chapter.

Id.

¶ 29. Often we are faced with discerning the intent of the Legislature as to the *1168 enactment of certain laws. That is not the case today. The Legislature has declared a strong public policy in favor of protecting the public’s safety and security regarding persons who commit sex offenses. An order of expungement from a Maryland Court obtained after this Court affirmed Petitioner’s duty to register does not dictate Petitioner’s duty in Mississippi. A Maryland court is powerless to blot out Mississippi proceedings and records of his guilty plea. While Maryland’s legislature may allow Maryland’s courts to expunge the records of sex offenders, Mississippi does not, save for juveniles. We are not bound by the laws of another state when interpreting the laws of this State. See Witten v. State ex rel. Miss. Dep’t of Pub. Safety & Criminal Info. Ctr., Sex Offenders Registry, 145 So.3d 625, 628 (Miss.2014) (citing Stallworth I, 986 So.2d at 265). Our courts “may endeavor only to interpret the laws of the State of Mississippi.” Witten, 145 So.3d at 628.
¶ 30. Our statutes make clear that sex offenses are not eligible for expunction. See Miss.Code Ann. § 45-33-55 (Rev. 2011). Expunction is not a condition listed by statute which would provide petitioner relief from continuing registration as a sex offender. See Miss.Code Ann. § 45-33-47 (Rev.2011). Therefore, I would affirm the judgment of the circuit court.
WALLER, C.J., JOINS THIS OPINION. PIERCE, J, JOINS THIS OPINION IN PART.

. In order to be eligible for prejudgment probation in Maryland, Stallworth must have pleaded guilty to a crime. See Md. Code Crim. P., Art. 6-220(b)(l).

. When Petitioner was sentenced for the second time, he was not given credit for the two years of supervised probation already served and completed in Mississippi.

. "Conviction” has a specific meaning under the Mississippi Sex Offender Registration Laws. Mississippi Code Annotated Section 45-33-23(a) (Rev.2004) provides: "Conviction” shall mean that, regarding the person’s offense, there has been a determination or judgment of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere regardless of whether adjudication is withheld.
Stallworth I, 986 So.2d at 262 (emphasis added).

. Pursuant to Maryland law, Petitioner’s "[ejxpunged records shall be retained by the clerk for a minimum period of three years after the date the order for expungement was entered." See Md. R. Cr. P. 4-512(f).

. Petitioner never filed for post-conviction relief in either Mississippi or Maryland to set aside his conviction. See Miss.Code Ann. §§ 99-39-1, et seq., Md. Code Crim. P. § 7-102 (Rev.2001).

.In Caldwell v. State, 564 So.2d 1371, 1372 (Miss.1990), this Court recognized that the Legislature of Mississippi has specifically authorized expungement of criminal offender records in limited cases: youth court cases §§ 43-21-159 and 43-21-265; first offense misdemeanor convictions occurring prior to age 23, § 99-19-71; and drug possession convictions occurring prior to age 26, § 41-29-150; purchase of alcoholic beverages by one under age 21, § 67-3-70; municipal court convictions, § 21-23-7.