# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-02533-SCT

*MISSISSIPPI UNITED*
*METHODIST CONFERENCE*

*v.*

*TELAYA BROWN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/18/2003 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH E. LOTTERHOS |
| | CHARLES F. F. BARBOUR |
| ATTORNEYS FOR APPELLEE: | MARJORIE S. BUSCHING |
| | S. MARK WANN |
| | TARA A. HARRISON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 09/15/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND CARLSON, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1. During discovery in a suit filed by Telaya Brown against the Mississippi United Methodist Conference, the Conference produced documents to the circuit court for an in-camera inspection. After the circuit court had completed the inspection, it summarily and without notice to the Conference released some of the documents to Brown. The Conference filed this interlocutory appeal and a petition for writ of prohibition and/or mandamus, claiming (1) the documents in question are protected by the First Amendment of the United States

Constitution, the priest-penitent privilege codified by Rule 505 of the Mississippi Rules of Evidence, and the physician/psychotherapist-patient privilege codified by Rule 503 of the Mississippi Rules of Evidence; (2) the documents were released without notice to the Conference and before it was given a chance to appeal the circuit court's decision concerning the documents; and (3) it is necessary to recuse the circuit judge. We reverse and remand.

**FACTS**

¶2.     Telaya Brown, a resident of Maryland and an insurance salesperson, met Jeffrey A. Stallworth at a church picnic in Mississippi. Stallworth, who was the pastor of the Anderson United Methodist Church at that time, explored the possibility of purchasing insurance for dependent children in his congregation from Brown, during one of their first meetings. After a number of telephone conversations with Brown concerning the policies, Stallworth traveled to Maryland to meet with Brown and later met with a manager of an insurance company in Fairfax, Virginia. Stallworth allegedly told Brown that his hotel reservations had inadvertently been lost and asked if he could stay at her home. Brown consented, and Stallworth stayed in a guest bedroom in Brown's house. A few evenings later, Brown claims that Stallworth climbed into her bed and sexually assaulted her. About seven months after the alleged assault, Stallworth voluntarily pled guilty in the Circuit Court for Prince George's County in Maryland to a fourth degree sexual offense charge for the incident.

¶3.     Brown filed this lawsuit in the Circuit Court of the First Judicial District of Hinds County against Stallworth, alleging assault and battery, false imprisonment, intentional infliction of emotional distress, and intrusion into seclusion and claiming negligent retention and negligent supervision by the Conference and Anderson UMC. During discovery, Brown

2

requested from the Conference any documents pertaining to whether it had notice of any tendencies of Stallworth to engage in inappropriate behavior or any documents tending to show that Stallworth was unfit to be a pastor due to aggressive propensities toward the opposite sex. The Conference responded by objecting to the requested discovery as privileged and protected. A motion to compel discovery of such documents was filed by Brown, and the Conference submitted the documents to the court for an in-camera inspection. A full document privilege log was also provided. A written order was entered as follows:

> Moreover, the court finds that the documents are documents kept in the regular course of business, and are not confessional or are not exclusively religious in their nature. The documents calculated to lead to the discovery of other witnesses, facts and documents that are admissible. Finally, there does not appear to be an expectation of privacy by the authors of the document(s), inasmuch as some documents were distributed to several persons other than [] Stallworth and [the Conference]. **IT IS THEREFORE ORDERED AND ADJUDGED** that a copy of documents numbering **7-8, 178-217, 239-240, and 291-569** shall immediately be produced to [Brown's] attorneys by the court.

¶4. Additionally, the circuit court ordered documents it deemed to be irrelevant to be returned to the Conference and issued a protective order concerning the documents which were of a sensitive nature. The next morning, Brown was instructed to appear before the circuit court at 10:00 a.m., at which time she was given a copy of the court's order and the documents. The Conference alleges, however, that it was told to appear before the court at 2:00 p.m., at which time it received a copy of the order. By this time, of course, Brown had been in possession of the documents for a few hours. The next day the Conference filed an emergency motion for an order to stay pending resolution of interlocutory appeal, for an order sealing the

3

circuit court's order, and for other relief. A few days later the Conference filed an emergency petition for writ of prohibition and/or mandamus, for certification of the interlocutory appeal, and for a stay of the state court action pending appeal with this Court because of the circuit court's release of the documents in question.[1] We granted the petition for interlocutory appeal. *See* M.R.A.P. 5.

## DISCUSSION

¶5. The standard of review used in considering a trial judge's ruling regarding discovery is abuse of discretion. *Boutwell v. Boutwell*, 829 So. 2d 1216, 1223 (Miss. 2002).

### I. WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN FINDING THAT THE DOCUMENTS WERE NOT PRIVILEGED.

¶6. The circuit court's wholesale ruling that the documents were not privileged was an abuse of discretion. "[W]hen objections to discovery of specific documents are made, the trial court should deal with each on an item-by-item basis, carefully considering whether to allow discovery, and stating the rule or exception which provides the basis for the decision." *Hewes v. Langston*, 853 So. 2d 1237, 1250 (Miss. 2003); *see also* *Haynes v. Anderson*, 597 So. 2d 615, 620 (Miss. 1992). The circuit court's order simply stated that all of the documents were subject to discovery because they were kept in the regular course of business, they were not confessional or exclusively religious in nature, or there was a lack of expectation of privacy evidenced by distribution to people other than defendants. Blanket statements as to whether

---

[1]The circuit court never ruled upon this motion.

4

documents may or may not be compelled in discovery procedures simply are not sufficient to meet the standard in *Hewes*, 853 So. 2d at 1250.

¶7.    Only an in-camera inspection and subsequent document-by-document analysis, accompanied by the corresponding rule or exception, will meet the requirements for such determinations.   It is impossible for this Court to rule on the decision of the circuit court as to the privilege of these documents because we are presented with a result but no specific reasoning.   To hold otherwise would force this Court to become a finder of fact and "make a habit of conducting de novo review of items challenged during discovery."  *Id.* at 1249; *see also Haynes*, 597 So. 2d at 617; *In re Knapp*, 536 So. 2d 1330, 1333 (Miss. 1988).

## II.    THE RELEASE OF THE DOCUMENTS.

¶8.    The fact that counsel for plaintiff was in possession of information that may be privileged hours before the defendant was even aware that such information had been released shocks the conscience of this Court.   The circuit court should not have allowed either the order or the allegedly privileged documents to be released unless attorneys for **both** parties were present.   It is essential that the objecting party be given a reasonable time to file an appeal of such an order **before** production of such documents, and orders of production of documents subject to objections on privilege should be stayed pending such appeals.   *See, e.g., Williamson v. Edmonds*, 880 So. 2d 310, 321 (Miss. 2004) (adopting procedure for in camera inspection and ordering trial court to allow a reasonable time for proponent of privilege to inspect documents before they were released to party opposite).   Simply issuing a protective order in conjunction with the order compelling production was not enough to protect the rights of the Conference.   When questions like the privileged status of sensitive documents are at

issue, trial courts should be especially diligent to protect the rights of both parties. Here, the circuit court violated that protective responsibility by allowing one party premature inspection of documents before the ruling as to privilege could be appealed.

### III. THE CONFERENCE'S MOTION FOR RECUSAL

¶9. The Conference asks this Court to recuse the circuit judge because of bias evidenced by statements made in her order to compel discovery and in a response made to this Court. The Conference alleges that the circuit judge's language and phrases give the appearance that she considers that the Conference is liable for Stallworth's actions. We find that this issue is premature and not ripe for review because the circuit court has neither considered nor ruled upon such a motion. *See* Rule 1.15 of the Mississippi Uniform Rules of Circuit and County Court Practice.[2]

---

[2]Rule 1.15 of the Mississippi Uniform Rules of Circuit and County Court Practice provides as follows:

> Any party may move for the recusal of a judge of the circuit or county court if it appears that the judge's impartially [sic] might be questioned by a reasonable person knowing all the circumstances, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law. A motion seeking recusal shall be filed with an affidavit of the party or the party's attorney setting forth the factual basis underlying the asserted grounds for recusal and declaring that the motion is filed in good faith and that the affiant truly believes the facts underlying the grounds stated to be true. Such motion shall, in the first instance, be filed with the judge who is the subject of the motion within 30 days following notification to the parties of the name of the judge assigned to the case; or, if it is based upon facts which could not reasonably have been known to the filing party within such time, it shall be filed within 30 days after the filing party could reasonably discover the facts underlying the grounds asserted. The subject judge shall consider and rule on the motion within 30 days of the filing of the motion, with hearing if

## CONCLUSION

¶10.    We find that the circuit court abused its discretion after the in camera inspection of the documents produced by the Mississippi United Methodist Conference. We reverse the order allowing production of the documents and remand this matter for further proceedings consistent with this opinion.

¶11.    **REVERSED AND REMANDED.**

    **SMITH, C.J., COBB, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**

---

necessary. If a hearing is held, it shall be on the record in open court. The denial of a motion to recuse is subject to review by the Supreme Court on motion of the party filing the motion as provided in M.R.A.P. 48B.