# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-M-02092

*MISSISSIPPI UNITED METHODIST CONFERENCE*

*v.*

*TELAYA BROWN*

### ON PETITION FOR DISQUALIFICATION
### OF TRIAL JUDGE AND FOR STAY

| | |
|---|---|
| TRIAL JUDGE: | TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR PETITIONER: | JOSEPH E. LOTTERHOS |
| | CHARLES F. BARBOUR |
| ATTORNEYS FOR RESPONDENT: | STEVE MARK WANN |
| | MARJORIE S. BUSCHING |
| | TARA A. HARRISON |
| DISPOSITION: | PETITION GRANTED - 03/09/2006 |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal stems from a lawsuit filed by Telaya Brown against the Mississippi United Methodist Conference (Conference), which is currently pending before the Hinds County Circuit Court.  In this suit, the Conference filed a motion seeking recusal of Circuit Judge Tomie T. Green.  Judge Green subsequently signed an order denying the motion. Pursuant to M.R.A.P. 48B, the Conference now petitions this Court for disqualification of Judge Green and a stay of the proceedings.

**FACTS**

¶2.     This Court has considered this case in a previous interlocutory appeal, wherein we stated the facts of this case in detail. Finding no need to restate these facts we direct the reader to *Mississippi United Methodist Conference v. Brown*, 911 So. 2d 478, 480-82 (Miss. 2005). During the first interlocutory appeal we considered the Conference's claim that Judge Tomie Green should have been recused due to bias. However, regarding the issue of Judge Green's recusal, we found the Conference did not follow the applicable procedure for requesting recusal in that it was not first submitted to Judge Green. Thus, we declined to consider the issue of recusal because it was not ripe for review. *Id*. at 482.

¶3.     In the present interlocutory appeal, the Conference initially requested Judge Green to recuse herself from the matter. Judge Green considered the Conference's motion and subsequently refused to recuse herself. Therefore, in accordance with M.R.A.P. 48B the Conference seeks review of Judge Green's action. This issue of recusal is now ripe for our consideration.

**ANALYSIS**

¶4.     We have previously decreed we "will not order recusal unless the decision of the trial judge is found to be an abuse of discretion." *Hathcock v. Southern Farm Bureau Cas. Ins.*, 912 So. 2d 844, 847 (Miss. 2005) (citation omitted). Thus, we will only reverse the trial court's ruling regarding recusal if the trial court has abused its discretion in overruling such motion. *See Bredemeier v. Jackson*, 689 So. 2d 770, 774 (Miss. 1997).

¶5. The Conference argues Judge Green has repeatedly demonstrated an appearance of bias in this matter, and if allowed to preside in these proceedings prejudice will result. Thus the Conference submits Judge Green has abused her discretion and should be disqualified from presiding in the case at bar.

¶6. Our opinion *In re Blake*, 912 So. 2d 907 (Miss. 2005), provides invaluable insight, and a generous source of pertinent law for application in our analysis of present appeal.[1] We stated "[t]he oath of office taken by all trial judges, including Judge Green, requires that judges 'administer justice without respect to persons,' and that they 'faithfully and impartially execute and perform' all of their duties." *Id*. at 917. Furthermore, in *In re Blake* we adopted a sister state's approach and stated "in viewing all circumstances, recusal is required only where the judge's conduct would lead a reasonable person, knowing all the circumstances, to conclude that the 'prejudice is of such a degree that it adversely affects the client.'" *Id*. (citing *Town Centre of Islamorada v. Overby*, 592 So. 2d 774, 775 (Fla. Dist. Ct. App. 1992)). Therefore, the question this Court must now ask is: would a reasonable person, knowing all the circumstances, conclude that Judge Green cannot conduct herself in an impartial manner?

¶7. The Conference contends Judge Green cannot be impartial as evinced by the biased commentary found in her order regarding an in camera inspection of documents, her order denying recusal, and her response to the Conference's petition during the previous

---

[1]This Court in *In re Blake*, considered motions for recusal of the trial judge in seven pending cases. As is the case today, the presiding trial judge in all of those cases was Judge Green.

interlocutory appeal. Judge Green maintains she is not biased and can be fair to the Conference.

### In Camera Order

¶8. In her in camera order Judge Green comes to the conclusion that "[t]he case before the [trial] court is a civil case, wherein the victim of a crime perpetrated by the pastor of a church, seeks damages for physical and emotional injury resulting for [sic] that sexual assault." Judge Green states "[t]he documents appear to establish that Defendants [the Conference] and Anderson, were put on notice of allegations of Defendant Stallworth's sexual misconduct as far back as 1989." Further, subsequent to the in camera inspection of certain documents Judge Green opined "that some of the documents should be produced to Plaintiff, under protective order, due to their sensitive nature, as it involves persons who may be the victims of Defendant Stallworth [sic] misconduct." In addition, as we discussed in the previous interlocutory appeal, Judge Green provided the plaintiff with a copy of her in camera order and copies of the sensitive documents in an ex parte appearance. *Brown*, 911 So. 2d at 481. Thus, the plaintiff was provided copies of the documents in question at least four hours before the Conference had notice of Judge Green's order. The Conference had insufficient time to object or appeal.

### Response to the Previous Interlocutory Petition

¶9. In Judge Green's response to the Conference's former petition she added several troubling remarks, which appear to undermine her contention that she can sit as an impartial judge in this matter. In the response Judge Green stated:

4

> Nonetheless, the court will respond, as best it can, to the misrepresentations, mischaracterization and allegations advanced by [the Conference] in an attempt to inflame this Honorable Court. Such callous misrepresentation [sic], without just cause, are an unwarranted challenge of the integrity of the undersigned judge. While attorneys may not agree with undersigned's rulings, false accusations are inexcusable and should not be sanctioned by this Honorable Court.

¶10. Judge Green mentions the discovery history of the case and remarks that "[d]epositions of a number of witnesses introduced as a part of other motions heard by the court appear to confirm Stallworth's propensities." Moreover, regarding her in camera review of the sensitive documents, Judge Green avers:

> Many pages in the document [sic] indicated prior incidents, complaints and/or allegations of sexual misconduct by Stallworth that had been reported to [the Conference] as early as 1989. The documents produced also contained [the Conference's] actions and/or inactions in dealing with Stallworth previously, and attested to [the Conference's] removal of Stallworth, after the sexual assault against Plaintiff.

Judge Green also stated that "the court responds that allegations of ex parte communication between Plaintiff and the court is [sic] patently false. For Defendant [the Conference] to infer such is both reckless, intentional and a patent disregard for the truth about how the court ruled on the issue in this matter."

¶11. In addition to the above comments, the final sentence in Judge Green's response is the most troubling. Judge Green effectively tips the scales in favor of the plaintiff by stating that "[s]hould the Supreme Court decide to conceal the documents on the bases of priest penitent or medical privilege, then such precedent would permanently preclude an injured party from ever prosecuting an action against a church Defendant, such as [the Conference]." Such

5

statement standing alone, removed all doubt about whether Judge Green has already decided this issue prematurely.

**Order Denying Recusal**

¶12. In Judge Green's order denying the Conference's motion for judicial recusal, Judge Green expressly states that "[d]efendants have been sued for damages resulting from an undisputed sexual assault by Stallworth against Plaintiff Telaya Brown ("Brown")." Judge Green also states

> First, the court's statements regarding Defense counsel's representation to the Supreme Court were accurate. Defense Counsel inferred that the court had an ex parte meeting with the Plaintiff after the in camera inspection. This was indeed a misrepresentation to the Supreme Court. Additionally, Defendant's outline of the events that led to the production of the document [sic] to the parties at a different time was not accurate and seemed to cast a shadow on the Court's integrity. The Court was duty bound to make accurate statements to the Supreme Court when a response was requested by the Supreme Court. Thus, there was no personal bias in setting the record straight. Defendant has no bases for a request for recusal in this regard. Neither should Defendant be allowed to use the order of the court to attempt to create an unreasonable appearance of impartiality or bias where none exist.

¶13. Judge Green filed a brief response to the Conference's present petition for her recusal. In that response Judge Green categorically denied the Conference's allegations of bias, prejudice, or impartiality. Judge Green asserts the Conference has failed to present sufficient facts or law to overcome the presumption of fairness and impartiality to which she as a judge is entitled. *See **Turner v. State***, 573 So. 2d 657, 678 (Miss. 1990). We have previously determined that "[i]mpartiality is viewed under the totality of the circumstances analysis using an objective reasonable person, not a lawyer or judge, standard." ***Hathcock***, 912 So. 2d at 849

6

(citing ***Dodson v. Singing River Hosp. Sys.***, 839 So. 2d 530, 534 (Miss. 2003); ***Collins v. Joshi***, 611 So.2d 898, 903 (Miss. 1992) (Banks, J. concurring)) (emphasis in original).

¶14.    It is apparent to this Court Judge Green feels slighted by the Conference's contentions in this matter, and Judge Green opines in the aforementioned commentary that the Conference was untruthful and has misrepresented the facts to this Court.   Also, Judge Green's statements indicate she has already determined that fault lies with the defendants.   Finally, by her own language Judge Green clearly appears to have assumed the position of advocate for the plaintiff.   Therefore, after a collective view of Judge Green's in camera order, her response to the Conference's previous petition, and her order denying recusal, we find that a reasonable person, knowing all of the circumstances, would conclude that Judge Green could not sit as an impartial administer of justice.[2]   Thus, we hold that Judge Green abused her discretion in denying the Conference's motion to recuse.

## CONCLUSION

¶15.    Judge Green's comments and actions demonstrate that she cannot remain impartial in the case at bar.   Therefore the Conference's petition for disqualification is hereby granted,   and all proceedings in the circuit court shall be stayed pending random reassignment to another circuit judge.

---

[2]*See* Code of Judicial Conduct Canon 3E(1), "Judges should disqualify themselves in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances . . . ."

¶16.    **PETITION GRANTED.**

**WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**