LAMAR, Justice,
for the Court:
¶ 1. In this interlocutory appeal, we address whether the Circuit Court of Simpson County erred in ordering Defendants to produce a recorded statement and a privilege log of all documents withheld on the basis of privilege and relevance. We find that the circuit court abused its discretion in ordering Defendants to produce the recorded statement without any analysis of their claim of work-product privilege. Additionally, we find that the circuit court erred by granting Plaintiffs motion to compel discovery without conducting an item-by-item analysis of each objection. Therefore, we vacate the circuit court’s order and remand for further proceedings consistent with this opinion.
FACTUAL BACKGROUND
¶ 2. This case arises from an automobile accident in which Plaintiff Sheila McLain collided with the rear of a parked tractor-trailer. The tractor-trailer was owned by Continental Rails & Excavating and was operated by Robert Powell, a Continental employee, at the time of the accident. According to McLain, the tractor-trailer was parked in a lane of travel without any warning devices in place. McLain alleges that Powell was taking a nap in the truck at the time of the accident, but Powell testified in a deposition that he had just *310 stopped the truck and was in the process of placing warning devices when the accident occurred.
¶ 3. Shortly after the accident, McLain retained attorney Don Evans to represent her. On October 23, 2008, Evans sent a letter to Hartford Insurance Co., Continental’s insurer, advising Hartford that he represented McLain. On December 4, 2008, an agent for Hartford took a recorded statement from Powell regarding the accident.
¶ 4. On May 19, 2010, McLain brought suit against both Continental and Powell, alleging that she had sustained various injuries as a result of the accident. During litigation, discovery disputes arose between the parties. Specifically, McLain requested that Continental and Powell produce various documents, including the recorded statement Powell gave Hartford on December 4, as well as medical records related to Powell’s drug and alcohol tests taken as part of his employment with Continental over the past three years. Defendants responded that the recorded statement was protected by the work-product privilege and that several of the other documents requested were privileged and/or not relevant. McLain filed a motion to compel production of the documents.
¶ 5. The trial court held a hearing on the motion to compel on April 1, 2011. As to the recorded statement, the circuit court judge immediately held that it was discoverable, before any arguments had been made:
Mr. Newman [attorney for Plaintiff]: The issue is whether or not the defendant’s driver’s statement that he made to his insurance company is discoverable.
The Court: Yes, it is.
However, Defendants’ attorney argued that they had notice of potential litigation at the time the statement was taken. Specifically, the following exchange occurred:
Mr. Griffin [Defendants’ attorney]: Well, Your Honor, I’m claiming that this statement was taken in anticipation of litigation. It was done after the plaintiff gave notice that she was filing a claim against my clients and after that point went and got the statement of our driver.
[[Image here]]
(Court viewing the statement)
The Court: Show me what he’s talking about. I don’t want to read the whole thing.
Mr. Griffin: Well, I’m just showing that this is a notice of representation letter sent by Don Evans to Hartford Insurance, and this is a transcript of Mr. Powell’s recorded statement that was taken on December 4, 2008, and that notice of representation letter was sent on October 23, 2008. It’s [sic] argument is that that statement was taken in anticipation of litigation, which is not discoverable.
The Court: Do you deny that it’s in the discretion of the Court to allow it or disallow it?
Mr. Griffin: Your Honor, it’s up to your discretion.
The Court: Right. I’m going to make you produce it.
¶ 6. As to the other documents withheld on grounds of Powell’s medical privilege and relevance, the circuit court judge ruled in part as follows, without any discussion as to the specific requests for production or the specific materials being withheld:
The Court: I don’t like — I don’t like getting privileged materials if they have any relevance to the facts of the case. Very few things are privileged. The medical privilege is even waived in these *311 type cases, and that’s one of your most valuable that you have. So I’m going to find for the plaintiff on that one too.
Counsel for Defendants clarified as follows:
Mr. Griffin: Your Honor, just to be clear, you are wanting us to produce to the plaintiff a privilege log, and that basically entails going through our entire defense file and the insurance claim file and listing every document that we have.
The Court: Yeah, he’s entitled to the claim file, yeah.
¶ 7. McLain’s attorney also asked the trial court to order Defendants to produce all the drug and alcohol tests that Powell had taken as a requirement of his driving job for three years prior to the accident. The circuit court judge asked McLain’s attorney whether he had any reason to believe Powell was under the influence at the time of the accident. McLain’s attorney admitted that no drug test was taken after the accident but represented it was his belief that the driver was asleep in the truck, implying that Powell might have been sleeping because he was intoxicated. McLain’s attorney further explained his reason for requesting the test records as follows:
The company had, and it’s in their policy, a zero tolerance policy regarding alcohol and drug use. So we feel that we are entitled to any tests and the results that were taken by the defendant driver while he was employed there, because if he took a drug test and tested positive and they allowed him to continue driving, they were in direct violation of their company’s policy.
¶ 8. The circuit court judge then found that the tests were discoverable, although they might not be admissible. At that point, Defendants’ attorney again brought up his concern about Powell’s medical privilege. The circuit court then questioned him as followed:
The Court: Hold on just a second. Let me ask you a question. Why do you have a problem turning that over here? Mr. Griffin: Well, the thing is, even though the plaintiff has waived her medical privilege because she’s put her medical condition into issue in this case, our driver—
[[Image here]]
he hasn’t waived his medical privilege in this case. He hasn’t asserted his medical condition—
The Court: He doesn’t have to waive his medical privilege. The question is, why do you have a problem giving him the results of any drug or alcohol tests that was taken by your company in the past three years?
Mr. Griffin: Well, just based on the fact that he has not waived his medical privilege and the fact that there’s—
The Court: He ain’t got no medical privilege here. That’s not the issue.
Mr. Griffin: And there’s no evidence whatsoever that he was not [sic ] intoxicated at that time.
The Court: That’s not the issue. He doesn’t have to waive his medical privilege. The issue is whether or not he violated the law. Okay.
Mr. Griffin: Right.
The Court: Another issue is whether or not he was driving while violating the law.
Mr. Griffin: And we’ve already disclosed—
The Court: Whoa, uh, uh,—
Mr. Griffin: Sorry.
The Court: And did the company know he was driving if he was in fact violating the law? Now, if the company doesn’t have anything to worry about, give them *312 the tests. If the company does have something to worry about, I would be up there arguing just like you are. So I’m going to allow the plaintiff to discover that. Your driver is not waiving his medical privilege. I don’t expect him to do that. Okay?
¶ 9. The circuit court ultimately ordered Defendants to produce Powell’s recorded statement and a privilege log listing every document withheld on the basis of relevance or privilege, as well as other documents. The circuit court’s order did not address the requests and interrogatories individually and did not include any basis for the circuit court’s decision. Defendants petitioned this Court for interlocutory appeal, which we granted. On appeal, Defendants argue the circuit court abused its discretion by ordering them to (1) produce Powell’s recorded statement, “taken by their insurer nearly two months after receiving a notice of representation letter from Plaintiffs counsel regarding Plaintiffs claim against them,” and (2) by “ordering Defendants to produce a privilege log listing every document in their possession not disclosed due to medical privilege or relevance.” We vacate and remand.
LEGAL ANALYSIS
I. Standard of review
¶ 10. “The standard of review used in considering a trial judge’s ruling regarding discovery is abuse of discretion.” [1] However, “as a general rule, this Court has declared that it ‘is not about to become involved in wholesale granting of interlocutory appeals of civil discovery disputes.’ ”[2] A limited exception exists for situations involving claims of privilege, “ “where correction of any error on appeal from final judgment would be futile. If the matter thought privileged is ordered disclosed and is in fact disclosed, our later reversal would be founded on the Humpty Dumpty syndrome.’ ”[3]
II. Whether the circuit court erred when it ordered Defendants to produce Powell’s recorded statement.
¶ 11. Defendants argue that Powell’s recorded statement is protected from disclosure under the work-product privilege because it was taken by their insurance representative with an eye toward litigation. The work-product doctrine, found at Mississippi Rules of Civil Procedure 26(b)(8), provides as follows:
[A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party’s representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without due hardship to obtain the substantial equivalent of the materials by other means.[4]
Thus, we must first determine whether the statement was prepared in “anticipation of litigation.”
*313 ¶ 12. In Haynes v. Anderson, we specifically addressed whether documents prepared by defendant’s insurer, after it had received a representation letter from plaintiffs attorney but before plaintiff filed suit, were protected by work-product privilege.[5] We first explained that the work-product privilege covers documents assembled by insurance representatives.[6] We also held that “one may anticipate litigation prior to [a] complaint actually being filed,”[7] and that, “as a general rule, the material sought to be discovered, to come within the work product privilege, must have been prepared with ‘an eye to litigation’ and not ‘in the ordinary course’ of business.”[8]
¶ 13. We ultimately concluded that, in cases in which a defendant asserts work-product privilege as to documents prepared by his insurer, “a case by case approach is the only real approach which seems to us to make any real sense, even though paradoxically, insurance company investigations of accidents typically encompass ‘routine’ investigations with an ‘eye toward litigation.’”[9] We also held that, “in using this approach, our courts should consider, ‘the nature of the documents, the nature of the litigation [and investigation], the relationship between the parties, and other facts peculiar to the case.’ ”[10] Although we recognized that it would “be hard to dispute [insurer’s] claim that it acted thereafter with an eye toward litigation” after receiving notice that a plaintiff was represented, we left for the trial court:
[T]he determination of whether any investigation conducted prior to the filing of the complaint was in anticipation of litigation, and whether anything in the file of [insurer], regardless of when gathered, is privileged work product. What is prepared with an eye toward litigation, and not in the ordinary course of business, is a matter which the trial court should consider in more detail using a case by case, item by item, approach.[11]
¶ 14. In this case, as in Haynes, it is hard to dispute Defendants’ claim that Powell’s recorded statement taken by their insurer was prepared with an “eye toward litigation,” as it was undisputedly taken after Defendants had received a representation letter from McLain’s attorney. However, we have held explicitly that it is for the trial court to determine when documents are prepared with an eye toward litigation and not in the ordinary course of business. We also have made clear that the trial court should consider the specific documents sought to be protected on a case-by-case basis, employing a detailed analysis and considering such factors as the relationship between the parties, the nature of the documents, etc. It is clear from the record that the circuit court in this case did not consider any of these factors. Rather, the circuit court judge immediately held that the statement was discoverable without hearing any argument from the parties. After Defendants’ counsel continued to argue that the statement was protected, the circuit court judge *314 stated he “did not want to read the whole thing,” concluded that it was in his discretion whether to order Defendants to produce it, and ordered it produced without any consideration of whether it was prepared with an “eye toward litigation.”
¶ 15. We find that the circuit court abused its discretion in ordering Powell’s recorded statement to be produced without conducting a detailed analysis of Defendants’ claim of work-product privilege. Therefore, we vacate the order of the circuit court and remand for the circuit court to conduct the detailed analysis discussed above.
¶ 16. Furthermore, should the circuit court determine that Powell’s recorded statement was taken with an eye toward litigation, and thus constitutes work product, the circuit court must continue the analysis under Mississippi Rules Civil Procedure 26(b)(3) to determine whether McLain has shown “substantial need of the materials in the preparation of [her] case and that [she] is unable without due hardship to obtain the substantial equivalent of the materials by other means.” Even if McLain makes a showing of substantial need for the statement and undue hardship as required under the rule, the circuit court still must protect documents that reveal “mental impressions, conclusions, opinions, or legal theories of an attorney.” [12] In this case, the work-product privilege applies to documents prepared by Defendants’ insurer in the same manner as if the documents were prepared by their attorney; therefore, the circuit court must protect any portions of the recorded statement that reveal “mental impressions, conclusions, opinions, or legal theories” of Hartford.
III. Whether the circuit court erred in ordering Defendants to produce a privilege log detailing every document withheld on the basis of relevance or medical privilege.
¶ 17. Defendants argue that the circuit court’s order requiring them to produce a privilege log of all documents withheld on the basis of relevance or privilege is impermissibly vague, overly broad, and unduly burdensome. Defendants also argue that the circuit court’s order would require them to search “the files of these Defendants for documents that are medically privileged, which have nothing to do with the merits of this lawsuit.”
¶ 18. The Mississippi Rules of Civil Procedure provide that, in general, “parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues raised by the claims or defenses of any party.”[13] Thus, parties generally may not obtain discovery of any matter that is privileged or not relevant. However, a party asserting privilege as a basis to withhold requested documents from production has a responsibility to “review the requested documents and specifically identify those documents and portions of documents for which it, in good faith, claims are privileged.”[14]
¶ 19. As to claims of medical privilege, Rule 503 of the Mississippi Rules of Evidence provides, in pertinent part, that “a patient has a right to refuse to disclose and to prevent any other person from disclosing ... knowledge derived by the physician or psychotherapist by virtue of his professional relationship with the pa *315 tient.”[15] The rules also provide that a party’s medical privilege is waived to the extent he puts his medical condition at issue.[16] Obviously, this defendant did not place his medical condition at issue and he did not waive his right to medical privilege, even as to relevant medical information.
¶ 20. Defendants have an obligation to identify specifically every relevant document withheld on the basis of privilege so the circuit court is able to make an informed decision on a motion to compel. The circuit court has an obligation to conduct an in camera review of every requested document withheld on the basis of privilege and to make detailed findings as to whether any documents requested are discoverable. This should be done on the record, stating the basis for each decision.[17] We have held clearly that “blanket” orders compelling production of documents are not sufficient.[18] To be clear, a party does not waive his medical privilege by virtue of being named a defendant to a lawsuit, and the circuit court cannot compel a party to produce documents covered by medical privilege.
¶ 21. In this case, the order compelling production does not contain findings as to each document requested and does not sufficiently state the basis for the circuit court’s order to compel. However, the trial court — not this Court — is in the best position to analyze parties’ civil discovery disputes. Indeed, we have held that “[p]retrial discovery is governed by flexible rules well within the administrative capacity of our trial courts.”[19] Therefore, we decline to engage in an analysis of whether Defendants should or should not be compelled to produce each item requested, as that analysis is best left for the circuit court. For these reasons, we find the circuit court erred in ordering the items requested to be produced without sufficiently analyzing each item and each claim of privilege, and we remand this case to the circuit court with instructions to conduct a careful and detailed in camera review of all documents over which privilege is asserted. The circuit court should make specific findings on the record “carefully considering whether to allow discovery, and stating the rule or exception which provides the basis for the decision.”[20]
CONCLUSION
¶ 22. We find that the Circuit Court of Simpson County abused its discretion by ordering Defendants to produce Powell’s recorded statement without conducting an analysis of whether the statement was compiled in anticipation of litigation. We further find that the circuit court erred by granting Plaintiff’s motion to compel without conducting an item-by-item analysis of each objection. Therefore, we vacate the circuit court’s order and remand this case *316 for further proceedings consistent with this opinion.
¶ 23. VACATED AND REMANDED.
CARLSON, P.J., RANDOLPH AND PIERCE, JJ„ CONCUR. KITCHENS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND KING, JJ. WALLER, C.J., AND DICKINSON, P.J., NOT PARTICIPATING.

. Mississippi United Methodist Conference v. Brown, 911 So.2d 478, 481 (Miss.2005) (citing Boutwell v. Boutwell, 829 So.2d 1216, 1223 (Miss.2002)).

. Haynes v. Anderson, 597 So.2d 615, 617 (Miss.1992) (quoting In re Knapp, 536 So.2d 1330 (Miss.1988)).

. Haynes, 597 So.2d at 617 (quoting In re Knapp, 536 So.2d at 1333).

. Miss. R. Civ. P. 26(b)(3).

. Haynes, 597 So.2d at 616.

. Id. at 618 ("[T]hat the file was assembled by an insurance adjuster as opposed to [defendant’s] attorney is irrelevant.”).

. Id.

. Id. (quoting Sterling Drug, Inc. v. Harris, 488 F.Supp. 1019, 1026 (S.D.N.Y.1980)).

. Haynes, 597 So.2d at 619.

. Id. (quoting Pete Rinaldi’s Fast Foods, Inc. v. Great Am. Ins. Cos., 123 F.R.D. 198, 202 (M.D.N.C.1988)).

. Haynes, 597 So.2d at 619.

. Hewes v. Langston, 853 So.2d 1237, 1245-56 (Miss.2003).

. Miss. R. Civ. P. 26(b)(1) (emphasis added).

. Roman Catholic Diocese of Jackson v. Morrison, 905 So.2d 1213, 1248 (Miss.2005).

. Miss. R. Evid. 503(b).

. Miss. R. Evid. 503(d)(f) ("Any party to an action or proceeding subject to these rules who by his or her pleadings places in issue any aspect of his or her physical, mental or emotional condition thereby and to that extent only waives the privilege otherwise recognized by this rule.”). See also Scott v. Flynt, 704 So.2d 998, 1003 (Miss.1996).

. See Hewes v. Langston, 853 So.2d 1237, 1250 (Miss.2003) ("when objections to discovery of specific documents are made, the trial court should deal with each item on a case-by-case basis, carefully considering whether to allow discovery, and stating the rule or exception which provides the basis for the decision”).

. Brown, 911 So.2d at 481.

. Haynes, 597 So.2d at 617 (citations omitted).

. Hewes, 853 So.2d at 1250.