# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-IA-00158-SCT

*MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC.*

*v.*

*MARY A. JOHNSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2022 |
| TRIAL JUDGE: | HON. LARITA M. COOPER-STOKES |
| TRIAL COURT ATTORNEYS: | MALLORY M. STREET |
| | EUGENE R. NAYLOR |
| | YANCY B. BURNS |
| | REX MORRIS SHANNON, III |
| COURT FROM WHICH APPEALED: | HINDS COUNTY COUNTY COURT |
| ATTORNEYS FOR APPELLANT: | EUGENE R. NAYLOR |
| | MALLORY M. STREET |
| | REBECCA HAWKINS |
| ATTORNEY FOR APPELLEE: | YANCY B. BURNS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 05/11/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. This case comes before the Court on interlocutory appeal of the trial court's discovery order directing Mississippi Baptist Health Systems, Inc. (MBHS), to produce two incident reports MBHS claimed were privileged. While a patient at Mississippi Baptist Medical Center, Inc. (MBMC), Mary Johnson alleges that she slipped and fell and suffered bodily injuries as a result. Johnson filed suit against MBHS, the sole member of MBMC. During the discovery process, two incident reports were identified by MBHS related to Johnson's

alleged slip and fall. MBHS claims that both incident reports are privileged under Mississippi Code Sections 41-63-9 and -23 (Rev. 2018). Additionally, MBHS claims that one of the incident reports was also protected under the work product doctrine because it was created in anticipation of litigation. Despite these privilege claims, and without conducting an in camera review of the documents, the trial court ordered MBHS to produce both reports. After a careful review of the law, this Court reverses the trial court's discovery order and remands the case for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2.    In the early hours of July 17, 2017, Johnson alleged that she slipped and fell and suffered bodily injuries while a patient at MBMC in Jackson. On January 15, 2020, Johnson filed a complaint against MBHS—the sole member of MBMC—claiming that MBHS's negligence caused her injuries and seeking damages. Johnson's complaint alleged that a "slippery and hazardous condition within her patient room" caused her to slip and fall, though it is unclear exactly what made the floor slippery.

¶3.    In its answer to the complaint, MBHS asserted that the claims were barred by the applicable statute of limitations, which it argued was two years under Mississippi Code Section 15-1-36 (Rev. 2019). MBHS moved for summary judgment based on the statute of limitations. Johnson responded with a Mississippi Rule of Civil Procedure 56(f) motion for continuance and a motion to compel discovery. A hearing on the motions was held on July 29, 2021. At the hearing, Johnson argued that MBHS's motion for summary judgment was

improper and premature based on MBHS's objections to interrogatories and requests for production. Johnson requested that the motion for summary judgment be denied for further discovery. On August 4, 2021, the trial court ruled, denying summary judgment, granting Johnson's motion to compel discovery, and ordering MBHS to submit its discovery responses within thirty days.

¶4.     MBHS sought permission to file an interlocutory appeal of the trial court's order denying summary judgment and granting the motion to compel discovery, which this Court denied on November 4, 2021. On December 15, 2021, MBHS submitted responses to Johnson's second set of interrogatories and requests for production of documents. The new responses identified an incident report, which MBHS claimed was created in anticipation of litigation and constituted a quality assurance material; therefore, MBHS claimed the incident report was privileged and not subject to discovery.

¶5.     On December 16, 2021, Johnson filed a motion to set the case for trial, to strike defenses and to request sanctions and attorneys' fees. Johnson argued that MBHS had obstructed discovery, violated the court's order to compel discovery and violated Mississippi Rule of Civil Procedure 26 by serving "pat, generic and non-responsive discovery responses." Johnson also argued that MBHS refused to voluntarily set the case for trial. Because of this, Johnson sought sanctions and requested that MBHS's defenses be struck. Alternatively, Johnson asked the court to "order [MBHS] to serve full and adequate responses to [Johnson]'s first and second written discovery requests to include incident

reports, witness statements, original investigative reports and all other statements and documents responsive to the occurrence of the incident." In a response filed on December 27, 2021, MBHS argued that it had not violated any rule of civil procedure or court order in its discovery responses and that it had made efforts to set a date for trial.

¶6. On February 3, 2022, the trial court heard Johnson's motion to set the case for trial, to strike defenses and to request sanctions and attorneys' fees. At the hearing, MBHS revealed that it had discovered another incident report that had been created at the time the alleged incident occurred, which it claimed was also privileged as quality assurance material. After hearing arguments, the court found that both incident reports should be produced. The court stated that "[i]t is only reasonable that [Johnson] be able to find what [MBHS] found and reported in the incident reports." An order to this effect was entered by the trial court on February 7, 2022. The order also granted Johnson's motion to set the case for trial but denied all other requested relief. The court did not undertake an in camera review of the documents, despite a request in the alternative by Johnson and MBHS's agreement to produce the reports for an in camera review.

¶7. On February 18, 2022, MBHS timely filed a petition for interlocutory appeal of the order to produce the incident reports, which this Court granted on June 1, 2022. Along with the petition for interlocutory appeal, MBHS also filed a motion to submit the incident reports for review by this Court under seal as additional exhibits. This motion was passed for consideration with the merits of the present appeal.

**ISSUES PRESENTED**

¶8.     The issues on appeal are best summarized as follows:

     I.     Whether MBHS waived its claims of privilege.

     II.     Whether the incident reports are protected from disclosure by the privileges asserted by MBHS.

**STANDARD OF REVIEW**

¶9.     The standard of review for a trial court's discovery order "is abuse of discretion." *Powell v. McLain*, 105 So. 3d 308, 312 (Miss. 2012) (internal quotation mark omitted) (quoting *Miss. United Methodist Conf. v. Brown*, 911 So. 2d 478, 481 (Miss. 2005)). Generally, however, "this Court has declared that it 'is not about to become involved in the wholesale granting of interlocutory appeals of civil discovery disputes.']. . . . A limited exception has been carved out for 'substantial questions of privilege . . . where correction of any error on appeal from a final judgment would be futile.'" *Haynes v. Anderson*, 597 So. 2d 615, 617 (Miss. 1992) (second alteration in original) (quoting *In re Knapp*, 536 So. 2d 1330, 1333 (Miss. 1988)). As for statutory interpretation, "[b]efore we engage . . . , we look to the statute to determine whether interpretation is necessary, that is, whether the language is plain, unambiguous, and in need of no interpretation. If so, we need go no further." *Pat Harrison Waterway Dist. v. City. of Lamar*, 185 So. 3d 935, 946 (Miss. 2015) (footnotes omitted) (citations omitted).

**DISCUSSION**

     **I.     MBHS did not waive its claims of privilege.**

5

¶10.   Johnson argues that the trial court's order to produce the incident reports—despite the lack of an in camera review or specific ruling as to the asserted privileges—was proper. Johnson asserts that the court's "[o]bligation to conduct an *in camera* review had not been triggered" since MBHS initially withheld one of the incident reports[1] and never produced a privilege log, thereby waiving its claims of privilege. *Fresenius Med. Care Holdings, Inc. v. Hood*, 269 So. 3d 36, 48-49 (Miss. 2018). Johnson cites *Powell*, 105 So. 3d at 315, which states that "[d]efendants have an obligation to identify specifically every relevant document withheld on the basis of privilege so the circuit court is able to make an informed decision on a motion to compel."

¶11.   Mississippi Rule of Civil Procedure 26(b)(6)(A) provides the method for a party to claim a privilege:

> (6) *Claiming Privilege or Protecting Trial-Preparation Materials.*
>
> (A) *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, electronically stored information, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

We find that MBHS has complied with Rule 26(b)(6)(A) by identifying both incident reports

---

[1]At the February 3, 2022 hearing on Johnson's motion to set the case for trial, MBHS acknowledged that an incident report was created at the time the alleged incident occurred which it had not previously disclosed due to "a miscommunication[.]" MBHS's identification of the report at the hearing and assertion of a specific privilege was sufficient to comply with Mississippi Rule of Civil Procedure 26(b)(6)(A) and Mississippi caselaw. *See Powell*, 105 So. 3d at 315.

and asserting specific privileges. While this Court has directed parties to provide detailed privilege logs in the past, those instances appear to be limited to cases in which a party asserts privileges in a "general, sweeping manner[,]" and the amount of materials the party claims to be privileged is excessively voluminous. ***Roman Catholic Diocese of Jackson v. Morrison***, 905 So. 2d 1213, 1248 (Miss. 2005); *see also* ***Fresenius Med. Care Holdings***, 269 So. 3d at 60-61 (affirming the chancellor's finding that Fresenius did not produce documents and prepare a privilege log reasonably and in good faith by "'dumping' massive responses from a similar case . . . to which the State was not a party without any reasonable method or manner of identification or reviewing as a response to Plaintiffs discovery[.]"). Because only two documents are at issue in this case and MBHS identified those documents and asserted specific privileges, this Court finds that MBHS did not waive its privilege claims.

II.     **To determine whether MBHS's asserted privileges apply, the trial court must conduct an in camera review of the incident reports.**

A.      **Statutory Privileges Found in Mississippi Code Sections 41-63-9 and -23**

¶12.    The relevant portion of the peer review privilege laid out in Section 41-63-9(1) reads as follows:

> Notwithstanding any conflicting statute, court rule or other law, in order to encourage medical and dental review activity, the proceedings and records of any medical or dental review committee shall be confidential and shall not be subject to discovery or introduction into evidence in any civil action arising out of the matters which are the subject of evaluation and review by such committee . . . . However, information, documents or records otherwise discoverable or admissible from original sources are not to be construed as immune from discovery or use in any civil action merely because they were

7

presented during the proceedings of such committee . . . .

Miss. Code Ann. § 41-63-9(1) (Rev. 2018). The relevant portion of Section 41-63-23 that

lays out a privilege for quality assurance materials states that

> Accreditation and quality assurance materials, as defined in Sections 41-63-21 through 41-63-29, shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against the health care professional or institution . . . . Information, documents or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented or used in preparation of accreditation or quality assurance materials . . . .

Miss. Code Ann. § 41-62-23 (Rev. 2018).[2]

¶13.    This Court thoroughly discussed Sections 41-63-9 and -23 in *Claypool v. Mladineo*, 724 So. 2d 373, 375 (Miss. 1988). Interpreting these statutes for the first time, this Court found that a narrow approach to the application of the privileges "[was] the approach probably intended by the Legislature." *Id.* at 385. "The statutes were never intended to shield hospitals from potential liability." *Id.* at 386. "Before matters should be cloaked with a privilege it should be of a type that if allowed would cause medical providers to cease self-evaluations for fear of no privilege. This would in turn hinder the advancement of health care

---

[2]MBHS argues that Sections 41-63-9 and -23 can be applied to the present case regardless of whether Johnson's claims are for medical negligence or ordinary negligence. MBHS is correct. Both Sections 41-63-9 and -23 state that the privileges apply in "any civil action[.]" Statutory interpretation is a question of law reviewed de novo. *Pat Harrison Waterway Dist.*, 185 So. 3d at 946 (citing *Tellus Operating Grp., LLC v. Tex. Petroleum Inv. Co.*, 105 So. 3d 274, 278 (Miss. 2012)). No ambiguity exists in the statutes regarding their application "in any civil action[.]" Miss. Code Ann. §§ 41-63-9(1), -23. Therefore, regardless of whether Johnson's claims are for medical or ordinary negligence, on remand, the trial judge may determine whether the privileges apply to the incident reports at issue.

and completely contradict the purposes of the statutes." *Id.* at 387. While this Court ultimately reversed the trial court's application of the privileges in *Claypool*, it favorably noted the method used by the trial court to come to its determination—an in camera inspection of the documents at issue and a specific finding of which privileges did or did not apply to which documents. *Id.* at 388. Specifically, the Court stated that "[t]he trial judge followed the correct procedure to determine whether or not the documents were privileged and subject to discovery. His procedure for making this determination could be used as a standard for others to follow." *Id.*

¶14.    In order to determine whether the privileges asserted by MBHS applied to the incident reports, the trial court needed to conduct an in camera review of the documents prior to ruling on whether they should be produced. In *Powell*, this Court identified the best method for a trial court when faced with a motion to compel:

> The circuit court has an obligation to conduct an *in camera* review of every requested document withheld on the basis of privilege and to make detailed findings as to whether any documents requested are discoverable. This should be done on the record, stating the basis for each decision. We have clearly held that "blanket" orders compelling production of documents are not sufficient.

*Powell*, 105 So. 3d at 315 (footnotes omitted) (citations omitted); *see also* *Fresenius Med. Care Holdings*, 269 So. 3d at 71-72; *Brown*, 911 So. 2d at 481-82; *Hewes v. Langston*, 853 So. 2d 1237, 1250 (Miss. 2003); *Haynes*, 597 So. 2d at 620.

¶15.    MBHS requests that this Court make its own determination as to the application of the asserted privileges in a motion to submit the incident reports as additional exhibits under seal.

9

It argues that "[t]here is precedent for this Court to review *de novo* documents for which privilege has been asserted so as to determine whether the trial court erred in ordering their production[,]" citing *Hewes*, 853 So. 2d at 1247. The Court in *Hewes*, however, was faced with a different scenario when it decided to review documents de novo and make its own determination as to whether the asserted privileges applied.

¶16.    In *Hewes*, the defendants asserted various privileges during the discovery process and refused to produce numerous documents. *Id.* at 1240. On a motion to compel, the trial court conducted an in camera review of the documents at issue and ordered that some of the documents were privileged and protected from production, while others were not and needed to be produced. *Id.* An interlocutory appeal of the order was filed, and this Court remanded the case "[b]ecause the trial judge's initial order . . . was general in nature and did not make findings of fact and conclusions of law as to why each of the Items were discoverable." *Id.* On remand, the trial judge entered a new order that also failed to "[provide] any specific explanation of the trial judge's basis for concluding why certain documents were discoverable and others were not." *Id.* Explaining why this Court decided to conduct its own de novo review, it stated that "[t]he trial court had two opportunities to conduct an item by item review and ruling, but did not. Thus, we undertook that responsibility in this case, not only to avoid another time-consuming remand to the trial court, but also to clarify this Court's position with regard to review of such discovery challenges." *Id.* at 1249-50.

¶17.    Neither of the Court's reasons for conducting a de novo review in *Hewes* is present

in this case. This Court sees no reason to engage in a de novo review of the incident reports at this time when the trial court has yet to conduct an in camera review and we have previously clarified the process for conducting such a review and issuing a ruling. Therefore, MBHS's motion to submit the incident reports to this Court under seal is denied.

### B. Work Product Doctrine Found in Mississippi Rule of Civil Procedure 26(b)(3)

¶18. In addition to the assertion of the statutory privileges found in Sections 41-63-9 and -23, MBHS claims that the one of the incident reports is also protected from production under Mississippi Rule of Civil Procedure 26(b)(3), which prohibits a party from obtaining materials in the discovery process if they were created in anticipation of litigation, unless the party can show a substantial need for those materials. In its responses to Johnson's second set of interrogatories and requests for production, MBHS identified an incident report regarding the alleged incident that was created "upon notification from [Johnson]'s counsel of [Johnson]'s intent to pursue a claim[.]" As with the claims of privilege under Sections 41-63-9 and -23, this privilege claim based on Rule 26(b)(3) was not addressed in the trial judge's order to produce the incident reports.

¶19. Much like the process articulated by *Claypool* to determine the application of the statutory privileges, this Court established a process for determining whether a claim of privilege based on Rule 26(b)(3) should be sustained in *Haynes*, 597 So. 2d at 619. "As a general rule, the material sought to be discovered, to come within the work product privilege, must have been prepared 'with an eye to litigation' and not 'in the ordinary course' of

11

business. *Id.* at 618 (quoting ***Sterling Drug Inc. v. Harris***, 488 F. Supp. 1019, 1026 (S.D.N.Y. 1980)). The Court in ***Haynes*** held that "[i]n the end, a case by case approach is the only approach which seems to us to make any real sense . . . . In using this approach, our courts should consider 'the nature of the documents, the nature of the litigation [and investigation], the relationship between the parties, and any other fact peculiar to the case.'" *Id.* at 619 (second alteration in original) (quoting ***Pete Rinaldi's Fast Foods v. Great Am. Ins.***, 123 F.R.D. 198, 202 (M.D.N.C. 1988)). The Court then directed the trial court to review the investigative file at issue in ***Haynes*** in light of Rule 26(b)(3), keeping in mind the requirement of a showing of substantial need by the party seeking disclosure, as well as the protection offered for "mental impressions, conclusions, opinions or legal theories" that would not be subject to disclosure. ***Haynes***, 597 So. 2d at 619-20 (internal quotation marks omitted). The Court concluded, stating that "[o]bjections to the discovery of the [documents at issue] may be lodged with the trial court on an item by item basis. The trial court should carefully consider each objection and decide whether to allow discovery, consistent with what we say in this opinion." *Id.* at 620.

¶20. Regardless of the trial court's ruling on remand as to whether the statutory privileges apply to the incident reports at issue in this case, we direct the trial court also to rule on MBHS's work product privilege claim. Following the approach of the Court in ***Haynes***, the trial court should carefully consider whether the incident report was created with an eye toward litigation, and if so, whether Johnson has made a sufficient showing of substantial

need under Rule 26(b)(3). Nevertheless, the trial court "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." M.R.C.P. 26(b)(3).

## CONCLUSION

¶21. This Court reverses and remands the discovery order of the trial court for an in camera review of the incident reports and a detailed ruling on whether any of the asserted privileges apply to either of the documents. MBHS's motion to submit the incident reports under seal to this Court is denied.

¶22. **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**