# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-01643-SCT

*JEFFERY A. STALLWORTH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2013 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN M. COLETTE |
| | SHERWOOD ALEXANDER COLETTE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 04/16/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., LAMAR AND CHANDLER, JJ.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The narrow question presented is whether the expungement of a misdemeanor, fourth-degree, sexual-offense conviction in another state by the court that entered the conviction entitles the petitioner to relief from his duty to register as a sex offender in Mississippi. The Hinds County Circuit Court denied the requested relief. But, because expungement of a conviction requires the courts to "restore one to the status occupied prior thereto,"[1] we reverse.

---

[1] *Polk v. State*, 150 So. 3d 967, 970 (Miss. 2014).

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2001, Stallworth was indicted in Prince George County, Maryland, for several sexual offenses.  In March 2002, Stallworth pleaded guilty to one misdemeanor count of sexual offense in the fourth degree, for which he received a suspended sentence and probation.  When Stallworth returned to Mississippi, he was required to register as a sex offender.

¶3.     On February 4, 2010, the Prince George County District Court expunged Stallworth's misdemeanor conviction. In December 2012, Stallworth petitioned the Hinds County Circuit Court for relief from the duty to register as a sex offender under Mississippi Code Section 45-33-47.  Stallworth attached a certified copy of a "Certificate of Compliance" from the Maryland court with his petition, which "indicate[d] that the above referenced case ha[d] been expunged from the office of the sheriff's files."

¶4.     After filing his petition, counsel for Stallworth met in chambers with the Hinds County district attorney and the circuit judge.  The district attorney conceded that Stallworth had no conviction requiring him to continue to register as a sex offender.  Despite Stallworth's petition being unopposed, the trial judge denied the petition, so Stallworth appealed.

## ANALYSIS

¶5.     Stallworth raises two issues on appeal.  First, he argues that the trial judge erred in denying his petition for relief from the duty to register as a sex offender because, after his expungement, he no longer stands convicted of any sex offense.  And second, Stallworth

argues that the trial court's order violated the Full Faith and Credit Clause of the United States Constitution. Because we find that the effect of the expungement relieves Stallworth of his duty to register under the statute, we need not consider the Full Faith and Credit Clause issue.

¶6.     Under Mississippi law, an expungement removes "all records relating to an arrest, indictment, trial, and finding of guilt, in order to restore one to the status occupied prior thereto . . . ."[2] At the moment Stallworth's Maryland conviction was expunged, the law provides that he was restored to the status he had occupied before he was convicted, which means that—in the eyes of the law—he had no conviction. And before Stallworth was convicted, he had no duty to register as a sex offender.[3] So if we are to follow the law and recognize that Stallworth has been returned to that status, then we must find that he has no present duty to register as a sex offender.

¶7.     We find no merit in Justice Randolph's view that Stallworth's appeal is barred by *res judicata.* In **Stallworth v. Mississippi Department of Public Safety**, this Court held that Stallworth's guilty plea was a conviction requiring him to register as a sex offender and that

---

[2] **Polk**, 150 So. 3d at 970; *see also* Black's Law Dictionary 662 (9th ed. 2009) ("[E]xpungement of record: [t]he removal of a conviction (esp. for a first offense) from a person's criminal record.").

[3] *See* Miss. Code Ann. § 45-33-23(h)(xx) (Supp. 2014) ("'Sex offense' or 'registrable offense' means any of the following offenses: . . . Any other offense resulting in a *conviction* in another jurisdiction which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere . . . .") (emphasis added).

Maryland's misdemeanor sexual offense in the fourth degree was a registerable offense under our registry statute.[4]

¶8.    In ***Stallworth I***, we were not asked to decide what effect Stallworth's expungement had on his duty to register.  At that time, his guilty plea had not yet been expunged.  This is an entirely new issue and, as such, is not procedurally barred.  In fact, Stallworth's claim assumes that ***Stallworth I*** was correctly decided.  At the time we decided ***Stallworth I***, Stallworth had a duty to register.  But, after he obtained the expungement, that duty disappeared, and he was within his rights to petition the court for relief.

¶9.    Justice Randolph also argues that "[w]e are not bound by the laws of another state when interpreting the laws of this state."[5]  While this very well may be true, our decision today does not rest on the law of another state.  Instead, we find that Mississippi law on the effect of an expungement, as skillfully articulated by Justice Pierce in ***Polk***, relieves Stallworth from the duty to register that he had before the expungement.  Justice Randolph would have us recognize Maryland's laws for purposes of finding a conviction but ignore them for purposes of the expungement.

¶10.   And although we agree with Justice Pierce's excellent analysis of the effect of expungements, we do not agree that Stallworth's expungement has no effect on his continuing duty to register.  As stated above, the expungement returned Stallworth to his status before he was convicted, not his status before the conduct occurred.  Engaging in

---

[4] ***Stallworth v. Miss. Dep't of Public Safety***, 986 So. 2d 259, 262-265 (Miss. 2008).

[5] Randolph Dis. Op. ¶ 29.

criminal conduct does not require one to register as a sex offender. That duty arises only

after a conviction.[6] So returning Stallworth to the status he occupied prior to the conviction

must eliminate his duty to register.

¶11.    Finally, we find no merit in the dissents' reliance on Mississippi Code Section 45-33-

55,[7] which provides that:

> Except for juvenile criminal history information that has been sealed by order
> of the court, this chapter exempts sex offenses from laws of this state or court
> orders authorizing the destroying, expunging, purging or sealing of criminal
> history records to the extent such information is authorized for dissemination
> under this chapter.

¶12.    This statute says nothing about an order that expunges a conviction. Rather, it speaks

to laws and orders affecting the maintenance of criminal history records. We decline to

stretch this document-management, record-keeping statute beyond its provisions. It simply

has no application in this case.

**CONCLUSION**

¶13.    When Stallworth's conviction was expunged, he was returned to the status he

occupied before his conviction. And because he had no duty register as a sex offender before

he was convicted, the expungement relieved him of any further duty to register. We reverse

---

[6] Miss. Code Ann. § 45-33-23(h)(xx) ("'Sex offense' or 'registrable offense' means
. . . Any other offense resulting in a *conviction* in another jurisdiction which, if committed
in this state, would be deemed to be such a crime without regard to its designation elsewhere
. . . .") (emphasis added).

[7] We note that *neither* the appellant nor the appellee raised this statute in his brief to
this Court. *See* Randolph Dis. Op. ¶ 27. Only after oral argument did the Attorney General's
Office bring this statute to the Court's attention—with no analysis—in a supplemental
citation. So we address the statute only because the dissents think it applies.

the trial court's denial of Stallworth's petition and we remand this matter to the trial court for entry of judgment consistent with this opinion.

¶14. **REVERSED AND REMANDED.**

**LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J.; PIERCE, J., JOINS THIS OPINION IN PART. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND RANDOLPH, P.J.**

**RANDOLPH, PRESIDING JUSTICE, DISSENTING:**

¶15. But for the added circumstance of a Maryland expungement, post *Stallworth I*, this appeal would be barred by *res judicata*. It is settled law and the law of this case that Petitioner was required to register because of his guilty plea. *See Stallworth v. Miss. Dep't of Public Safety*, 986 So. 2d 259, 264-65 (Miss. 2009) (*Stallworth I*) ("Requiring Jeffery Stallworth to register fulfills the spirit and intent of the Legislature in creating the Mississippi Sex Offender Registration Laws. To do otherwise would be an affront to and an intrusion upon the rights of the general public, whom the law seeks to protect."). In *Stallworth I*, this Court considered and rejected Petitioner's argument that he was relieved of a duty to register after his guilty finding and sentence were struck by a Maryland Court. As noted in that opinion, this Court, relying on Maryland Code, Criminal Procedure Article 6-220, and the transcript from the November 4, 2005, hearing, determined his guilty plea remained intact. *Stallworth I*, 986 So. 2d at 261.

¶16. In his prior appeal, Petitioner argued that "Mississippi wants to take this guilty plea and require Stallworth to register as a sex offender." We found that Mississippi law requires

registration for a conviction which is defined as "a determination or judgment of guilt as a result of a trial *or the entry of a plea of guilty* or nolo contendere regardless of whether adjudication is withheld." Miss. Code Ann. § 45-33-23(a) (Supp. 2014). The majority makes multiple references to Section 45-33-23(h)(xx) (Supp. 2014), which addresses only other sexual offenses not otherwise defined in the statute. Reliance on Section 45-33-23(h)(xx) is misplaced. We held that it was "the entry of the plea which satisfies conviction under the Mississippi Act." *Stallworth I*, 986 So. 2d at 262. Repeated references to before and after his Maryland conviction are of no event. Whether the Maryland conviction was set aside was not an issue then, nor is it now. Although his records in Maryland may have been destroyed, the fact that he admitted guilt for a sex offense is known to the State of Mississippi, for it can be found abundantly in the trial and appellate court records and probation records of this State.

¶17. The one fact that has remained constant in all of these proceedings, whether in Mississippi or Maryland, is that Petitioner entered a plea of guilty to committing a sex offense. The only new issue Petitioner brings to this Court is whether a Maryland expunction order relieves Petitioner of a duty to register as a sex offender. No Mississippi records of Stallworth's status as a sex offender have been expunged. Following a plain reading of our statutes and this Court's decision in *Stallworth v. Miss. Dep't of Pub. Safety*, 986 So. 2d 259 (Miss. 2008) (*Stallworth I*), the circuit court did not err in denying Stallworth's petition. Save for records of juvenile offenders, our laws do not allow the records of sex offenders to be expunged. Thus, Petitioner is not entitled to relief from the legislatively mandated duty.

Background and Procedural History

7

¶18.    As admitted by Petitioner in his *Stallworth I* brief, he was "indicted on five counts of sexual misconduct by the State of Maryland. The charges ranged from second degree rape to fourth degree sexual offense, the lowest charge of sexual offense in Maryland. In negotiating a guilty plea, the State of Maryland agreed to drop four felony sexual misconduct charges and allowed Stallworth to plead guilty to fourth degree sexual offense. . . ." (Petitioner's Brief at 3, *Stallworth I*). Petitioner was sentenced to serve one year in the Maryland Department of Corrections, which was suspended, and he was sentenced to two years of supervised probation. His probation was served and completed in Mississippi. *Stallworth I*, 986 So. 2d at 260. The State of Mississippi required him to register with the Mississippi Department of Public Safety pursuant to the Mississippi Sex Offender Registration Laws. *Id.* *See* Miss. Code Ann. §§ 45-33-21 to 45-33-59 (Supp. 2014).

¶19.    Only after completion of his probation did Petitioner first attempt to avoid registration by filing a Complaint for Declaratory Judgment, arguing that the sexual offense in Maryland was not a registerable offense in Mississippi. *Stallworth I*, 986 So. 2d at 260.

¶20.    Even though his sentence had been completed, and while the declaratory judgment was pending in Mississippi, Petitioner filed a Motion for Reconsideration of Sentence in Maryland. At the hearing on the motion referred to in Paragraph 2, the Petitioner testified that "the issue I'm trying to find a solution for is how not to be on that sex offender list in Mississippi." No claims of trial court error, actual innocence, illegal sentence, newly discovered evidence, or a constitutional violation (state or federal) were advanced. The Petitioner offered no pleadings or argument that his guilty plea was entered in error or that

8

the Maryland court had erred in its sentencing. The Maryland court stated, ". . . I'm going to effect the finding of guilt and enter probation before judgment and it will be unsupervised probation. This is supervised probation. This is probation before the judgment."[8] The Maryland docket entry further states that "[t]he *guilty finding* and sentence dated 5-3-02 is hereby stricken. Further proceedings are deferred. Entry of Judgment is stayed pursuant to Criminal Procedure Article 6-220 and placed on unsupervised unpapered probation for a period of 1 year." ***Stallworth I***, 986 So. 2d 261. The Maryland court sentenced Petitioner a second time, imposing an additional year of unsupervised probation, which it could not do if the guilty plea had been withdrawn. *See* Md. Code Crim. P., Art. 6-220.[9]

¶21.    After the guilty finding, but not the guilty plea, was struck by the Maryland Court, Petitioner argued that there was no longer a conviction upon which Mississippi could base a registration requirement. ***Id.*** Petitioner and the State filed cross summary judgment motions. Petitioner's was denied by the circuit court. ***Id.*** at 262.

¶22.    On appeal before this Court in ***Stallworth I***, Petitioner specifically argued that the circuit court erred in determining that he had a "conviction from Maryland." (Petitioner's Brief at 10, ***Stallworth I***). In ***Stallworth I***, the Court determined that the "conviction," for purposes of the Mississippi Sex Offender Registry, was based on Petitioner's guilty plea, a fact which remains unchanged to this day. ***Stallworth I***, 986 So. 2d at 262. The majority

---

[8] In order to be eligible for prejudgment probation in Maryland, Stallworth must have pleaded guilty to a crime. *See* Md. Code Crim. P., Art. 6-220(b)(1).

[9] When Petitioner was sentenced for the second time, he was not given credit for the two years of supervised probation already served and completed in Mississippi.

9

repeatedly states that petitioner no longer stands convicted. However, Petitioner's conviction was not erased by the Maryland expunction, for it was set aside five years earlier. *See Stallworth I*. The lack-of-conviction argument was advanced and was ruled upon in *Stallworth I*. The holding in *Stallworth I*, verbatim, was, "It is the entry of the plea which satisfies 'conviction' under the Mississippi Act." *Stallworth I*, 986 So. 2d at 262.[10] Thus, "no longer stands convicted" is not the issue before us. Expunction is the issue.

¶23.    This Court found that Petitioner committed a registerable offense and should not be relieved of his duty to register. *Id.* at 265. This Court determined that Petitioner had been convicted of what would be labeled a Tier Three sexual offense which "requires *lifetime* registration, the registrant not being eligible to be relieved of the duty to register except as otherwise provided in this section. . . ." Miss. Code Ann. § 45-33-47(2)(d) (Rev. 2011) (emphasis added). The fact that the Maryland court had struck its guilty finding and sentence did not affect Petitioner's duty to register because of his guilty plea.

¶24.    Following *Stallworth I*'s opinion, Petitioner continued to try and "find a solution for . . . how to not be on that sex offender list in Mississippi." *Supra* ¶ 15.  Petitioner returned to Maryland again and filed a new petition in the Maryland Court, this time to expunge his

---

[10]    "Conviction" has a specific meaning under the Mississippi Sex Offender Registration Laws. Mississippi Code Annotated Section 45-33-23(a) (Rev. 2004) provides: "Conviction" shall mean that, regarding the person's offense, there has been a determination or judgment of guilt as a result of a trial or *the entry of a plea of guilty* or nolo contendere regardless of whether adjudication is withheld.

*Stallworth I*, 986 So. 2d at 262 (emphasis added).

Maryland records. An expungement order from a Maryland Court is not in the record before us. Petitioner did offer a copy of a Certificate of Expungement from a Maryland clerk's office, which "indicate[d] that the above referenced case ha[d] been expunged from the office of the sheriff's files." (Maj. Op. ¶ 3). According to that document, Maryland expunged Petitioner's conviction on February 4, 2010.[11]

¶25.    Based on the claim of expungement, Petitioner filed the petition we consider today, a Petition for Relief from Duty to Register, which was denied by the circuit court.[12]

Analysis

¶26.    The Legislature has devoted an entire chapter to the registration of sex offenders. Chapter 33, the Registration of Sex Offenders, found in Title 45, Public Safety and Good Order, begins with Section 21, which sets forth in pertinent part the legislative findings and declaration of its purpose: "Persons found to have *committed* a sex offense have a reduced expectation of privacy because of the public's interest in safety and in the effective operation of government." Miss. Code Ann. § 45-33-21 (Rev. 2011).

¶27.    Petitioner was and is obligated to follow the legislative directives to register and may only be relieved of the duty to register or reregister as provided for in the same statutes. Petitioner conceded in his brief that Section 45-33-47 failed to provide relief for expunction.

---

[11] Pursuant to Maryland law, Petitioner's "[e]xpunged records shall be retained by the clerk for a minimum period of three years after the date the order for expungement was entered." *See* Md. R. Cr. P. 4-512(f).

[12] Petitioner never filed for post-conviction relief in either Mississippi or Maryland to set aside his conviction. *See* Miss. Code Ann. §§ 99-39-1, *et seq.,* Md. Code Crim. P. § 7-102 (Rev. 2001).

The majority fails to address this section at all. Petitioner argued that "Mississippi's sex offender registration statute likely does not refer to an expungement" because of a distinction between misdemeanor and felony sex offenses. *See* Petitioner's Brief at 7, ***Stallworth II***. Also, Petitioner did not raise or argue the position opined by the majority today, i.e., Section 45-33-55 does not apply, for it is only a "document-management, record-keeping statute," language not found in that section or elsewhere in the chapter.

¶28. Contrastingly, it is quite clear that the Legislature was not silent regarding expungement of criminal offender records related to sex offenses, for it grants an exception for juveniles, without distinction of felonies or misdemeanors. *See* Miss. Code Ann. § 45-33-55 (Rev. 2011). Section 45-33-55, entitled Exemption for Expunction, reads:

> Except for juvenile criminal history information that has been sealed by order of the court, this chapter exempts sex offenses from laws of this state[13] or court orders authorizing the destroying, expunging, purging or sealing of criminal history records to the extent such information is authorized for dissemination under this chapter.

*Id.*

¶29. Often we are faced with discerning the intent of the Legislature as to the enactment of certain laws. That is not the case today. The Legislature has declared a strong public policy

---

[13] In ***Caldwell v. State***, 564 So. 2d 1371, 1372 (Miss. 1990), this Court recognized that the

> Legislature of Mississippi has specifically authorized expungement of criminal offender records in limited cases: youth court cases §§ 43-21-159 and 43-21-265; first offense misdemeanor convictions occurring prior to age 23, § 99-19-71; and drug possession convictions occurring prior to age 26, § 41-29-150; purchase of alcoholic beverages by one under age 21, § 67-3-70; municipal court convictions, § 21-23-7.

in favor of protecting the public's safety and security regarding persons who commit sex offenses. An order of expungement from a Maryland Court obtained after this Court affirmed Petitioner's duty to register does not dictate Petitioner's duty in Mississippi. A Maryland court is powerless to blot out Mississippi proceedings and records of his guilty plea. While Maryland's legislature may allow Maryland's courts to expunge the records of sex offenders, Mississippi does not, save for juveniles. We are not bound by the laws of another state when interpreting the laws of this State. *See **Witten v. State ex rel. Miss. Dep't of Pub. Safety & Criminal Info. Ctr., Sex Offenders Registry***, 145 So. 3d 625, 628 (Miss. 2014) (citing ***Stallworth I***, 986 So. 2d at 265). Our courts "may endeavor only to interpret the laws of the State of Mississippi." ***Witten***, 145 So. 3d at 628.

¶30.    Our statues make clear that sex offenses are not eligible for expunction. *See* Miss. Code Ann. § 45-33-55 (Rev. 2011). Expunction is not a condition listed by statute which would provide petitioner relief from continuing registration as a sex offender. *See* Miss. Code Ann. § 45-33-47 (Rev. 2011). Therefore, I would affirm the judgment of the circuit court.

**WALLER, C.J., JOINS THIS OPINION.  PIERCE, J., JOINS THIS OPINION IN PART.**

**PIERCE, JUSTICE, DISSENTING:**

¶31.    Expungement is a creature of statute.  ***Hentz v. State***, 152 So. 3d 1139 (Miss. 2014); ***Polk v. State***, 150 So. 3d 967 (Miss. 2014); ***Caldwell v. State***, 564 So. 2d 1371, 1372 (Miss. 1990).  The effect of an expunction order is "to restore the person, in the contemplation of the law, to the status occupied before any arrest or indictment for which convicted."  Miss. Code Ann. § 99-19-71(3) (Rev. 2007); Miss. Code Ann. § 41-29-150(d)(2) (Rev. 2008);

13

*Stewart v. The Mississippi Bar*, 84 So. 3d 9, 14 (Miss. 2011) (quoting Sections 99-19-71(3) and 41-29-150(d)(2)). "It does not however, expunge the underlying facts leading to the legal actions . . . . [and] 'does not erase the underlying conduct or behavior.'" *In re Jarman*, 2015 WL 474640, at \*4 (S.D. February 4, 2015) (quoting *Wright v. Tenn. Peace Officer Standards & Training Comm'n*, 277 S.W.3d 1, 13 (Tenn. Ct. App. 2008); *State v. Lane*, 3 S.W.3d 456, 462 (Tenn. 1999)). As the Tennessee Court of Appeals recognized in *Wright*, while an expungement returns the person to the position "occupied before such arrest or indictment[,]" it "does not return a person to the position occupied prior to committing the offense." *Wright*, 277 S.W.3d at 12.

¶32.   Mississippi law contemplates the same. "The existence of an order of expunction shall not preclude an employer from asking a prospective employee if the employee has had an order of expunction entered on his behalf." *Stewart*, 84 So. 3d at 15 (quoting Section 99-19-71(3)). "The expunged conviction may be used for purposes of determining habitual offender status and for use of the Mississippi Law Enforcement Standards and Training Board in giving or retaining law enforcement certification, and to ensure that a person is only eligible for first-offender status one (1) time." *Id*. (citing Section 45-27-21). Prospective jurors, if requested, must disclose an expunction order to the court in camera. *Id*. (citing Sections 99-19-71(3) and 41-29-150(d)(2)).

¶33.   Here, Mississippi Code Section 45-33-55 makes clear that, aside from juvenile criminal history records, Mississippi's Sex Offender Registration Law does not except from

14

the Act expunged records pertaining to sex offenses, as defined by Mississippi Code Section 45-33-23.

¶34. Jeffrey Stallworth's "conduct and [guilty] plea" in Maryland constituted a registrable offense in Mississippi. *Stallworth v. Miss. Dep't. of Pub. Safety*, 986 So. 2d 259, 264 (Miss. 2008); see also Miss. Code Ann. § 45-33-23(g)(xviii) (Rev. 2011) ("Any other offense resulting in a conviction in another jurisdiction which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere"). Whether Stallworth obtained an expunction order in Maryland is of no matter given Section 45-33-55. Stallworth must still comply with the registration requirements set forth under Mississippi's Sex Offender Registration Law.

¶35. For these reasons, I dissent from the majority's decision finding otherwise.

**WALLER, C.J., AND RANDOLPH, P.J., JOIN THIS OPINION.**